THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL J. ADRIAN CORPORATION, Respondent, *v.* JAMES J. SEXTON and Others, as Commissioners of Taxes and Assessments of the City of New York, Appellants.

First Department, May 7, 1937.

*Oscar S. Cox* of counsel [*Randolph J. Hernandez* with him on the brief; *Paul Windels, Corporation Counsel,* attorney], for the appellants.

*Samuel D. Shwitzer,* for the respondent.

COHN, J. The first four objections upon which the motion to quash at Special Term was based, all relate to the one ground, namely, that the assessments on thirty-seven separate and distinct parcels of property are sought to be reviewed by the single petition, writ and proceeding.

It is undisputed that all thirty-seven parcels of land mentioned in the petition and writ are owned by relator; all are located in section 2, borough of Manhattan, of the land map of the city of New York; with two exceptions, all are small parcels of property averaging a little over $20,000 assessed value per parcel; and many of the properties are in the same or in adjacent blocks. There appears to be ample authority to sustain the procedure adopted by relator. In the case of *People ex rel. Williamsburgh Savings Bank* v. *Miller* (248 App. Div. 764) where the relator included in one

writ a petition for a review of the assessment of 144 separate parcels of property in the borough of Brooklyn, the Appellate Division in the Second Department affirmed an order denying defendants' motion to quash a writ of certiorari to review tax assessments which had been made on the ground that the law contemplated a review of only a single assessment in one proceeding. In *People ex rel. Kemp R. E. Co.* v. *O'Donnel* (198 N. Y. 48) the court reviewed the assessments of five parcels belonging to the same relator, consisting of four different types of property; and in *People ex rel. Empire Mortgage Co.* v. *Cantor* (197 App. Div. 437; affd., 234 N. Y. 507) fifteen separately assessed lots lying in four blocks comprised within two tracts owned by the one relator were joined in the same proceeding. (Cf., also, *People ex rel. Dexter S. P. & P. Co.* v. *Hughes*, 246 N. Y. 35; *People ex rel. City of New York* v. *Keeler*, 237 id. 332; *People ex rel. Ward* v. *Sutton*, 230 id. 339.)

The procedure followed here, it seems to us, will conserve the time of the court and of the litigants; it will tend to bring about a prompt dispatch of litigated business and avoid a multiplicity of suits without prejudice to the parties. The necessity of placing thirty-seven separate causes upon the calendar, involving a large expenditure in fees, is obviated. In cases of this character it frequently occurs, too, that the same experts are called upon to testify concerning the properties involved. As the trial is had before a court or referee and not before a jury, there can be little danger of confusion even though assessment of many parcels of property is considered in the same proceeding.

The proceeding to review an assessment for tax purposes by a writ of certiorari is in form a special proceeding regulated by article 13 of the Tax Law, and also in New York city, by the provisions of the Greater New York City Charter (§ 907). In some respects it resembles an action in the sense that it is a proceeding to review *de novo*. (*People ex rel. New York Central R. R. Co.* v. *Bissell*, 207 App. Div. 705, 706; Civ. Prac. Act, § 1283, revisers' note.) Upon questions of procedure the rules established by the Tax Law and the charter apply, but a question upon which they are silent is controlled by the provisions of the Civil Practice Act. (*People ex rel. New York Central R. R. Co.* v. *Bissell, supra; People ex rel. N. Y. C. R. R. Co.* v. *Block*, 178 App. Div. 251, 252.)

Recent amendments to the Civil Practice Act indicate a more liberal view by our Legislature toward joinder of causes of action in the same complaint (Civ. Prac. Act, § 258, as amd. by Laws of 1935, chap. 339) and consolidation by the court of actions and special proceedings (Civ. Prac. Act, § 96, as amd. by Laws of 1935,

chap. 626; Civ. Prac. Act, § 96-a, as amd. by Laws of 1935, chap. 627). It has been said by our Court of Appeals that the purpose of section 96 of the Civil Practice Act " is to eliminate technicalities, multiplicities of actions and delays and to protect substantial rights." (*Datz* v. *Economy Cotton Goods Stores*, 263 N. Y. 252, 254, opinion by O'BRIEN, J.) We accordingly perceive no reason why the relator here may not join a review of the separate assessments in one proceeding.

It is no doubt true that our Court of Appeals has held that *different owners* may not join in the one petition unless the facts affecting one owner's property are alike applicable to all parcels involved. (*People ex rel. Wash. Building Co.* v. *Feitner*, 163 N. Y. 384; *People ex rel. Zollikoffer* v. *Feitner*, 74 App. Div. 130; affd., 172 N. Y. 618; *People ex rel. Litchfield* v. *O'Donnel*, 187 id. 536.) These authorities, however, have no connection with a proceeding brought by the one owner to review assessments of numerous parcels of property in a single proceeding.

The further ground urged by defendants upon which the motion to quash was made is that relator failed to specify instances of any alleged inequalities and the extent or extents thereof. To this contention there is no merit, for in the petition there is a sufficient statement of instances in which inequalities are alleged to exist and the extent thereof. (*People ex rel. Ward* v. *Sutton, supra.*)

For the foregoing reasons we reach the conclusion that in the circumstances of this particular case the Special Term correctly denied the motion to quash the writ.

The order appealed from should be affirmed, with twenty dollars costs and disbursements to the respondent.

MARTIN, P. J., O'MALLEY, GLENNON and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.