In the Matter of the Application of MERLE P. GALUSHA and Others, Petitioners, for an Order against WILLIAM J. PICARD and Others, Constituting the Board of Standards and Appeals, Respondents.

Supreme Court, Special Term, Albany County, December 29, 1937.

*Floyd J. Reinhart*, for the petitioners.

*John J. Bennett, Jr., Attorney-General [F. R. Chant, Assistant Attorney-General,* of counsel], for the respondents.

BERGAN, J. Where a review of the determination of a public officer or board is sought in pursuance of article 78 of the Civil Practice Act (as added by Laws of 1937, chap. 526), partially upon the sufficiency of the evidence taken to sustain the determination, and partially upon questions of law arising independently of the sufficiency of the evidence, the entire proceeding to review should be transferred to the Appellate Division. Thus at one time all of the questions raised may be determined.

Here the petitioners allege that in refusing to approve the certificate of incorporation of the Amsterdam Textile Workers Union

No. 1, Inc., upon the ground that the approval of the certificate "would be contrary to sound public policy," the State Board of Standards and Appeals acted in excess of its jurisdiction, and that it was without power under the statute to reach its conclusion upon that ground. It is also alleged in the petition that the determination of the respondents violated the rights of the petitioners. If these questions only were raised, the duty would fall upon the Special Term to determine them or to hear and determine any issue of fact arising upon the pleadings in respect of these questions. (Civ. Prac. Act, §§ 1295, 1296, subds. 3, 5.)

But it is further alleged in the petition that there was no competent evidence to authorize the respondents to make the determination and that the finding was against the weight of the evidence. These questions are solely within the jurisdiction of the Appellate Division. (Civ. Prac. Act, § 1296, subds. 6, 7.)

Accordingly, where some of the questions raised upon the proceeding to review are within the jurisdiction of the Special Term in the first instance and some are within the jurisdiction of the Appellate Division in the first instance an orderly and consistent procedure requires the transfer of the proceeding to the Appellate Division. This seems to be the intention of the statute. It is where "only" one or more of the first five issues enumerated in section 1296 is raised that the "court to which the application for relief is made shall itself dispose of the cause on the merits." Where one of the "other two issues is raised" (Subds. 6, 7) the proceeding must be transferred to the Appellate Division and this clearly means that such transfer must be made irrespective of the other issues raised.

The proceeding is transferred to the Appellate Division, Third Department.

Submit order.