In the Matter of the Application of THE CITY ICE & FUEL COMPANY and PAUL KURUTZ, Petitioners, to Review a Determination Dated July 12, 1939, made by THE PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, and MILO R. MALTBIE, Chairman, and Others, Commissioners, Constituting Such Commission, Respondents, in Favor of CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Corespondent.

Supreme Court, Special Term, Albany County, March 11, 1940.

*Riegelman, Hess & Strasser* [*Harry F. Mela* and *Abraham S. Guterman* of counsel], for the petitioners.

*Gay H. Brown, Counsel to the Public Service Commission* [*Sherman Ward* of counsel], for the respondents.

*LeBoeuf, Machold & Lamb* [*Horace R. Lamb* of counsel], for the corespondent.

MURRAY, J. This is a reargument of a motion to review a determination of the Public Service Commission of the State of New York. Upon the first hearing of the motion, this court decided that the matter should be transferred to the Appellate Division of the Third Judicial Department under the procedure set forth in the new article 78 of the Civil Practice Act. After further consideration of the discussion and briefs presented at the reargument of the matter, this court is constrained to abide by its former decision, because it feels that nothing of merit has been presented to warrant a change in the position originally taken by this court.

The corespondent, Consolidated Edison Company of New York, Inc., allowed to intervene as a party, pursuant to section 1298 of article 78, has interposed objections in point of law to the petition herein, and by reason of such objections asks for its dismissal. In these objections the corespondent relies upon subdivisions 3 and 5 of section 1296 of article 78. The emphasis and stress of the argument and briefs of the corespondent is directed, however, mainly to the question of jurisdiction of the subject-matter as set forth in subdivision 3. The position of the Consolidated Edison Company in that respect is that the Public Service Commission had no jurisdiction of the subject-matter because subdivision 3 of section 11 of the Transportation Corporations Law gives the Consolidated Edison Company the absolute power to engage in the sale of appliances, such as domestic automatic refrigerators.

I disagree vigorously with this contention of the Consolidated Edison Company. There is no question but that the statute gives the right to public utility companies " to *make, sell* or *lease* all machines, instruments, apparatus and other equipments therefor," but this right is not an absolute right, and cannot be used unfairly, indiscriminately and unreasonably and in such a manner that the public interest will be harmed thereby. This right, because of the essence of the utility itself, must be subject to the supervision of the Public Service Commission in order that this right, by its exercise, may not result in discriminatory or preferential rates. The supervisory power of the Commission in this respect must be broad, and public policy demands that it remain so, because of the fear so often expressed legislatively and judicially that utility companies

by their inherent nature and resulting power of monopoly might prejudice the public interest.

The jurisdiction of the Public Service Commission is subjected to a collateral attack by the corespondent. The argument is made that no statutory right enables the Public Service Commission to hold such a hearing, as held herein, and that even if the construction of subdivision 5 of section 66 of the Public Service Law gives this right, it is not a compulsory mandate or direction, and thus prevents a review by the Appellate Division of such evidence taken by the Public Service Commission in arriving at a determination, because it is not evidence taken "*pursuant* to statutory direction" as set forth in section 1296 of article 78 of the Civil Practice Act.

It is my construction that subdivision 5 of section 66 of the Public Service Law clothes the hearing held by the Public Service Commission with statutory and legislative authority, and should be construed by a reading in its entirety, and not by a dismantling of each sentence of said subdivision. In its relationship to the words "pursuant to statutory direction," as contained in section 1296 of article 78 of the Civil Practice Act, the fundamental power to hold such a hearing as was held in this matter is by plain language prescribed and directed. It is true that language of mandate or compulsion is not contained therein, but I feel that the words "pursuant to statutory direction" should be given liberal interpretation, and that the direction is met by a statute permitting, allowing and authorizing the holding of a hearing, and thereby investing the public officer or body with statutory authority of a quasi-judicial nature to hold such a hearing, take evidence and reach a determination thereon in reference or relation to substantial rights in accord with evidence presented. The ultimate test must be that the determination to be made must be based upon evidence presented at a hearing held, and it is obvious that advisory hearings of a simple nature to assist in the doing of an absolute administrative or purely discretionary act are not included within such a construction.

The example of the corespondent in its brief as to a hearing held by the State Liquor Authority seems absolutely to bear out this construction. Are the words, "may on its own initiative," as contained in section 119 of the Alcoholic Beverage Control Law, words of mandate or compulsion? The corespondent, in its brief, does not in any respect deny the right of an aggrieved party to review the determination of the State Liquor Authority before the Appellate Division, after a hearing held under this section.

Furthermore, in both of these outlined attacks on the jurisdiction, the Consolidated Edison Company seems inconsistent in its position.

In one breath, it vehemently decries the lack of jurisdiction on the part of the Public Service Commission to hold this hearing in question, and in the next breath, it states that the determination and decision of the Public Service Commission, unquestionably decided by persons familiar with the questions involved, was eminently right according to the facts presented and the law applied thereto and should not be disturbed. This court wonders at its position if the Public Service Commission, upon the evidence presented, had determined its practices to be unfair and prohibited their continuance.

Therefore, it is my opinion that the matter involved herein fits the wording of section 1296 of the Civil Practice Act in so far as the determination to be reviewed was made as the result of a hearing held, at which evidence was taken, pursuant to statutory direction, and that the questions of competency and weight of proof must be properly reviewed by the Appellate Division.

Where a review of the determination of a public officer or board is sought in pursuance of article 78 of the Civil Practice Act (as added by Laws of 1937, chap. 526), partially upon the sufficiency of the evidence taken to sustain the determination and partially upon questions of law arising independently of the sufficiency of the evidence, the entire proceeding to review should be transferred to the Appellate Division. (*Matter of Galusha* v. *Picard*, 165 Misc. 539.)

The holding in *Matter of Rochester Gas & Electric Co.* v. *Maltbie* (172 Misc. 359) seems to be based solely on the fact that the act to be reviewed was purely of a formal if not ministerial or administrative nature.

Another authority directly in point is *Matter of Brenner* v. *Bruckman* (253 App. Div. 607; appeal dismissed, 278 N. Y. 503), which states: " The only exceptions the statute makes to this mandate are cases in which it appears that the petitioner is not entitled to relief because of the provisions of section 1285 or section 1286 of the Civil Practice Act. Respondents make no claim that either of those exceptions applies here. We are, therefore, of the view that in this case petitioner has an absolute right to have the cause transferred to this court."

The objections in point of law interposed by the corespondent, Consolidated Edison Company of New York, Inc., are hereby dismissed and the entire proceeding is transferred to the Appellate Division of the Supreme Court in and for the Third Judicial Department to be reviewed. The corespondent is allowed twenty days to file its answer to the petition herein.

Submit order accordingly.