In the Matter of EDGAR MAPES, Petitioner, against JOHN R. SWEZEY et al., Constituting the Board of Trustees of the Village of Patchogue, et al., Respondents.

Supreme Court, Special Term, Nassau County, May 7, 1951.

*Griffing & Smith* for petitioner.

*Schmidt & Fechter* for John R. Swezey and others, respondents.

HALLINAN, J.   Application, pursuant to article 78 of the Civil Practice Act, for an order declaring the petitioner to be a trustee of the Village of Patchogue and restraining respondent Mazzotti from exercising the powers of such office and for other related relief.   Cross motion by some of the respondents for an order dismissing the petition for various reasons which will be hereinafter discussed.

A preliminary question of procedure has been raised by the petitioner's moving to strike from the notice of cross motion exhibits and affidavits annexed thereto.

Section 1306 of the Civil Practice Act provides: '' Except as otherwise expressly or by plain implication prescribed by statute, the provisions of statute and rule applicable to practice or procedure in an action apply to the proceeding under this article so far as such provisions can be applied to its substance and subject matter without regard to its form.''

Section 1293 of the Civil Practice Act provides, in part, as follows: '' The respondent may raise an objection in point of law warranting the dismissal of the petition, by setting the objection forth in his answer or by applying to the court on the return day for an order dismissing the petition as a matter of law.   If the respondent intends to apply for such an order, he shall serve notice thereof upon the petitioner within the time allowed for answering.''

The plain implication of section 1293 of the Civil Practice Act is that motions, which normally would be made under rule 106 of the Rules of Civil Practice, may be made in a proceeding under article 78 of the Civil Practice Act, if notice thereof is served within the time allowed for answering, that is, at least two days prior to the return day (Civ. Prac. Act, § 1291).   Section 1293 does not mention service of affidavits or exhibits upon the petitioner, but merely notice of respondent's intention to apply for an order.   Since the respondent may make such an application without serving an answer, it follows that the purpose of such an application is not to try disputed questions of fact since the proper way of raising issues in any action or proceeding is by answer.   When the issues have been defined by the service of an answer, the respondent not only may but must '' submit with the answer affidavits, made by a person having knowledge of the facts, or other written proof, showing such evidentiary facts as shall entitle him to a trial of any issue of fact.''   (Civ. Prac. Act, § 1291.)

It follows that if respondents wish to raise issues of fact by affidavits, they must be submitted in addition to an answer

and not by a motion in lieu of answer. Reading these sections together, it appears that rule 107 of the Rules of Civil Practice is inapplicable to a proceeding under article 78. (See *Matter of Zorach* v. *Clauson,* 96 N. Y. S. 2d 564, 568–569.) The respondents' motion to dismiss will, therefore, be considered without reference to the affidavits and exhibits annexed thereto and solely on the petition itself as if the motion had been made pursuant to rule 106 of the Rules of Civil Practice.

The first ground urged by the moving respondents for dismissal of the petition is that the court has not jurisdiction of the subject of this proceeding. It is true that where disputed questions of fact arise with respect to title to public office, the proper remedy is by quo warranto (*Greene* v. *Knox,* 175 N. Y. 432, 437, 438; *Matter of Wier* [*Behrens*], 259 App. Div. 839), but where the facts are undisputed and only a question of law is involved, relief may be awarded in a proceeding pursuant to article 78 of the Civil Practice Act (*Matter of Schlobohm* v. *Municipal Housing Authority for City of Yonkers,* 270 App. Div. 1022, affd. 297 N. Y. 911; *Matter of Sylvester* v. *Mescall,* 277 App. Div. 961). It may well be that the facts in this proceeding will be disputed when the respondents file their answer, but since this motion is to be determined upon the petition alone, there is no merit to the first contention. For the same reason, there is no merit to the second, third and fourth contentions.

The fifth contention is that the petition is legally insufficient. On such a motion, the facts alleged in the petition must be deemed true. (*Condon* v. *Associated Hosp. Service,* 287 N. Y. 411, 414.)

The board of trustees of the Village of Patchogue consists of a Mayor and six trustees. The annual election was held on March 20, 1951, to fill the office of three trustees whose terms expired on May 2, 1951. Among the candidates were the three incumbents, Briscoe, Mason and the petitioner Mapes. The canvass of the votes showed that Briscoe had been re-elected, having 1,341 votes, the greatest number cast for any one candidate. The respondents Payne and Mazzotti received 1,249 and 1,248 votes respectively which was a greater number than that received by any of the remaining candidates. The eligibility of Mazzotti was questioned on the ground that he was not the owner of record of any real property within the village. The board of trustees, sitting as a board of canvassers, sustained this objection, disqualified Mazzotti and declared petitioner, who had the next highest number of votes, to be elected

as a trustee. This determination of the board of canvassers was set aside by this court on the ground that the duties of said board were limited to canvassing votes and that it had no authority to determine the eligibility of any candidate for office. (*Matter of Mazzotti* v. *Swezey,* 199 Misc. 987.) In the present proceeding, the eligibility of Mazzotti is being directly questioned. On March 28, 1951, the trustee Mason, who had not been re-elected, resigned his office. As pointed out (*supra*), the trustee Briscoe was re-elected. If Mazzotti should be declared ineligible, the petitioner Mapes, as the incumbent on April 2, 1951, would retain the office until his successor has been chosen. It is, therefore, apparent in view of the allegation of the petition that Mazzotti is not a property owner of record in said village that the petition does state facts entitling the petitioner to a ruling on the eligibility of Mazzotti.

Accordingly the respondents' motion to dismiss the petition is denied. Respondents may serve an answer within ten days after service upon them of the order to be entered hereon.

Settle order on notice.