EDWIN F. BORGOS et al., Appellants, v. EDWARD G. DUERSTEIN et al., Respondents.— In this proceeding under article 13 of the Tax Law, the respective owners of eighteen parcels of real property located in the town of Greenburgh, Westchester County, joined in the petition, pursuant to section 290-c of said law, for a review of the respective assessments for the tax year 1954. Respondents having failed to serve an answer by the time the matter came on to be heard, pursuant to section 292 of said law the allegations of the petition were deemed denied, and the Special Term, Part I, ordered the proceeding referred to Special Term, Part II, for trial, subject to payment of calendar and trial fees for each individual owner. The petitioners appeal from said order insofar as it requires the payment of a separate calendar and trial fee for each individual owner. Order modified so as to provide for the payment of only one calendar fee and one trial fee for all. As so modified order affirmed, with $10 costs and disbursements to appellants. Although many factual questions may be involved in connection with the respective valuations of the various parcels of real property concerned, there is but one cause to be placed on the trial calendar and one trial to be had concerning all. In the circumstances, there should be but one calendar fee and one trial fee. (Civ. Prac. Act, § 1557-e; see, *Salimoff & Co.* v. *Standard Oil Co.*, 259 N. Y. 219, 222, and *People ex rel. Adrian Corp.* v. *Sexton*, 251 App. Div. 181, 182.) Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ., concur.

HARRY CASSIDY, Respondent, v. TIMES-TRANSCRIPT, INC., Appellant.— In an action to recover damages for libel, defendant appeals from an order granting plaintiff's motion to open his default in answering the calendar call, to vacate the dismissal of the action under rule 302 of the Rules of Civil Practice, and to restore the action to the reserve trial calendar. Order reversed on the law, with $10 costs and disbursements, and motion denied, without costs. In September, 1950, the action was not answered on the call of the calendar and was marked " off ". One year thereafter it was deemed abandoned and was marked "dismissed," under rule 302. Some five months thereafter this application was made. At the time of the calendar call plaintiff's attorney was anticipating his re-entry into the United States Air Force, and thereafter counsel, who is in charge of the action, awaited the appearance of the action on the trial calendar. The facts do not furnish a basis for exercise of judicial discretion in favor of the application. Nolan, P. J., Adel, MacCrate, Schmidt and Murphy, JJ., concur.