In the Matter of JAMES M. KELLY, Petitioner, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Respondent.

In the Matter of CHARLES W. OTT, Petitioner, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, April 20, 1955.

*Edward J. McCann* for James M. Kelly, petitioner.

*Milton I. Weintraub* for Charles W. Ott, petitioner.

*Adrian P. Burke, Corporation Counsel (Seymour B. Quel* and *Henry J. Shields* of counsel), for respondent.

MATTHEW M. LEVY, J.   In April, 1952, the police commissioner of the City of New York, after a hearing before one of his deputies, dismissed the petitioner from the position of patrolman in the police department.   By notice of motion returnable in August, 1952, the petitioner instituted this proceeding under article 78 of the Civil Practice Act, in which he sought an order annulling the determination of the commissioner and directing the petitioner's reinstatement to his former position with retroactive compensation, '' and directing that this proceeding be transferred for disposition to the Appellate Division of the Supreme Court, First Judicial Department ''.   Presumably this was in pursuance of section 1296 of the Civil Practice Act, since paragraphs '' Ninth '' and '' Tenth '' of the petition present allegations invoking subdivisions 6 and 7 of that section, which makes mandatory the transfer requested to the Appellate Division.   The respondent's answer or return appears to have been filed in January, 1953, and the petitioner's reply thereto was served in April, 1953.   In September, 1954, the respondent moved at Special Term Part I of the Supreme Court to strike the reply in pursuance of rule 111 of the Rules of Civil Practice. Whether or not this motion was a matter which this court could pass upon, or whether it should be passed upon directly by the Appellate Division (if, as and when the proceeding was or will be transferred to it) was not presented, argued or briefed by counsel.  It did not appear from the papers presented to me or in the court files whether the matter had or had not been transferred to the Appellate Division.   Nor was I apprised by counsel as to what, if anything, had happened in the proceeding during the

interval since issue was joined. I therefore called for further argument, and thereafter additional data and memoranda were submitted. The parties have agreed that Special Term may and should pass upon the motion on the merits. (Civ. Prac. Act, §§ 1293, 1296, 1306; cf. *Matter of Zorach* v. *Clauson,* 86 N. Y. S. 2d 17, affd. 275 App. Div. 774, affd. 300 N. Y. 613; *Matter of Hood & Sons* v. *Du Mond,* 271 App. Div. 394, affd. 297 N. Y. 209, revd. 336 U. S. 525; 300 N. Y. 480; *Matter of Mapes* v. *Swezey,* 199 Misc. 997, affd. 278 App. Div. 959; *Matter of Smith* v. *Cole,* 62 N. Y. S. 2d 222, affd. 270 App. Div. 675; *People ex rel. Adrian Corp.* v. *Sexton,* 251 App. Div. 181; *Matter of City Ice & Fuel Co.* v. *Public Service Comm.,* 260 App. Div. 537, 543–544, affg. 173 Misc. 534; *Matter of Galusha* v. *Picard,* 165 Misc. 539; see Third Annual Report of N. Y. Judicial Council, 1937, pp. 129, 190.)

The petition alleges the service of charges upon the petitioner, the conduct of a hearing by the third deputy police commissioner, the making of an order of dismissal by the commissioner, that there was no competent proof (at the hearing) of all of the facts necessary to be proven to authorize the making of the determination; that if there was such proof, then upon all of the evidence there was such a preponderance of proof against the existence of any of those facts that a verdict of a jury affirming the existence thereof rendered in an action in the Supreme Court, triable by a jury, would be set aside as against the weight of the evidence, and, lastly, that the commissioner's determination was arbitrary, capricious, oppressive and without authority of law. The paragraphs of the answer (to which the reply is directed), in substance, allege that the deputy commissioner at the conclusion of the hearing duly considered the record, made a determination finding the petitioner guilty, and recommended his dismissal, and that the commissioner considered the record and the recommendation of the deputy and thereafter entered an order dismissing the petitioner. The petitioner interposed denials of these allegations in the reply served by him, and the respondent moves to strike this reply.

The basis for the motion is, according to the respondent, that the petitioner is attempting to do indirectly what he should do directly. It is the respondent's position that, if the petitioner desires to raise any question with respect to the propriety of the deputy's recommendation or the commissioner's review, it should be done by way of affirmative allegations in the petition, rather than by way of a reply which would attempt to controvert matters set forth in the answer. In support of this argument the

respondent has cited many cases, but upon study they are found to deal with the service of a further return and not with the service of a further petition. Moreover, most, if not all, of these cases were decided prior to the enactment of the new article 78 in 1937, wherein provision was made for the service of a reply. Whatever might have been the procedure prior to 1937, section 1292 of the Civil Practice Act now provides that if the petitioner desires to dispute " any matter ", other than denials, set forth in the answer, or the accuracy or completeness of the transcript of the record of proceedings annexed to the answer, he shall serve a reply. This section materially changes the prior practice, under which the return (now substituted by the answer) was more or less conclusive, and the remedy of the petitioner — where the return was in fact not true — was by an action for a false return (see Nichols-Cahill, Annotated N. Y. Civ. Prac. Act, vol. 10, p. 607; see, also, *Matter of Newbrand* v. *City of Yonkers,* 285 N. Y. 164, 174). Today, if the answer contains any matter other than denials, i.e., new matter or affirmative defenses, a reply is proper, since affirmative allegations in the answer are deemed admitted in the absence of such reply (*Matter of Hines* v. *La Guardia,* 293 N. Y. 207, 216; *Entress* v. *Sours,* 272 App. Div. 861; *Moreland* v. *Areson,* 22 N. Y. S. 2d 309, 312). This is different from recognized procedure in an action, where new matter, other than a counterclaim, is deemed controverted under section 243 of the Civil Practice Act, unless a reply is ordered by the court (Civ. Prac. Act, § 274; *Matter of Marasco* v. *Morse,* 22 N. Y. S. 2d 315, 323, affd. 263 App. Div. 1063, affd. 289 N. Y. 768).

In the present answer, the respondent did not merely deny the allegations of the petition but went beyond denials and made affirmative allegations to the effect that at the conclusion of the hearing the deputy commissioner duly considered the record, made a determination finding the petitioner guilty and recommended dismissal, and that the commissioner considered the record, approved the recommendation of the hearing officer and entered an order dismissing the petitioner. The respondent could have rested, if he wished, on simple denials of the allegations of the petition. When he went further in his answer, and affirmatively alleged other matter (although not specifically designated as defenses), he cannot complain if the petitioner interposes a reply in which there is specific denial of the new matter. The petitioner's reply was not only proper, but may have been deemed necessary to avoid the conclusion that by

silence he intended to concede the truth of the allegations now denied.

The motion to strike the reply is made upon the ground (as provided in rule 111 of the Rules of Civil Practice) that the reply " is insufficient upon the face thereof," in that (as stated in the notice of motion) the " allegations of said reply are inconsistent with the allegations of the petition." I shall assume, for the moment, that that is a matter for a preliminary motion. In the petition it is alleged that the trial of the charges took place before the deputy and that a final order of dismissal finding the petitioner guilty was entered by the commissioner, and that such action was arbitrary, capricious, oppressive and without authority in law. The answer states that the deputy considered the record, found the petitioner guilty, and recommended dismissal, and that the commissioner considered the deputy's finding and recommendation in entering the order of dismissal. In his reply, the petitioner denies these affirmative allegations in the answer. There seems to me to be nothing inconsistent between the allegations of the petition and the denials in the reply.

The motion is denied. Order signed. (There are two separate proceedings involved here, instituted by two individual petitioners. The cases are the same as to fact and law, and this determination applies to each.)