In the Matter of JAMES M. KELLY, Petitioner, against GEORGE P. MONAGHAN, as Police Commissioner of the City of New York, Respondent.

First Department, October 20, 1959.

*Edward J. McCann*, attorney (*Milton Weintraub* and *Samuel Hart* with him on the brief), for petitioner.

*Henry J. Shields* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel*, attorney), for respondent.

*Per Curiam.* Petitioner brought this proceeding under article 78 of the Civil Practice Act for an order annulling the determination of the Police Commissioner of the City of New York finding petitioner guilty of charges of misconduct and dismissing him from the force. Additionally, petitioner sought immediate reinstatement as a patrolman in the Police Department.

The hearings on charges preferred against petitioner commenced before a Deputy Commissioner on March 25, 1952. Further hearings were held subsequently on five separate days — the last on April 21, 1952. On April 22, the Deputy Commissioner found petitioner guilty as charged and recommended dismissal. On *the same day* the Police Commissioner approved that finding and dismissed petitioner. The formal order of dismissal was dated April 23, 1952.

In the answer to the petition in this proceeding, respondent alleged that the Commissioner had considered the record and approved the recommendation of the hearing officer. Petitioner denied these allegations in a reply which was sustained in *Matter of Kelly* v. *Monaghan* (208 Misc. 31).

It appears uncontradicted in the record before us — and it was conceded at the argument — that the testimony at the hearings was not transcribed until a few months after the conclusion of the trial. The transcription covers more than 700 typewritten pages.

Petitioner urges that the determination be annulled because the Police Commissioner, who was vested by law with the duty of disciplining members of the Police Force, did not make an informed decision on the charges but blindly followed the recommendation of the Trial Commissioner. That contention is bottomed on both the absence of the transcript of the minutes of the hearing and the apparent haste with which the determination was made.

The power to dismiss a police officer upon proper cause vests in the Police Commissioner alone (Administrative Code of City of New York, § 434a–14.0, subd. a; *People ex rel. Garvey* v. *Partridge,* 180 N. Y. 237, 242). In order to perform this duty of decision, the Commissioner is not required to read the transcript of the hearings before the trial official. In *Matter of Taub* v. *Pirnie* (3 N Y 2d 188) it was held that where an administrative body had the opportunity to make an '' informed '' decision, its conclusions would not be disturbed unless it were shown that no independent appraisal or conclusion was reached by the deciding authority and that '' the agency charged with the duty of decision had done nothing but blindly follow the determination of a subordinate officer '' (p. 195). Moreover, the court in *Matter of Taub* v. *Pirnie* (*supra,* p. 195) said: '' And, in ascertaining whether an ' informed ' decision has been made, the courts accord the decision the presumption of regularity to which it is entitled (see *National Labor Relations Bd.* v. *Jasper Chair Co.,* 138 F. 2d 756, 758, cert. denied 321 U. S. 777) and refrain from probing ' '' the mental processes of the \* \* \* [deciding officer] in reaching his conclusions '' '. (*Matter of Kilgus* v. *Board of Estimate of City of N. Y., supra,* 308 N. Y. 620, 628; *Matter of Weekes* v. *O'Connell, supra,* 304 N. Y. 259, 265; *Morgan* v. *United States, supra,* 304 U. S. 1, 18.) ''

Although the presumption of regularity will support the acts of a public official, the presumption is not an irrebuttable one. Here, where after a six-day trial, the Police Commissioner, on the same day as the deputy reported his conclusion, approved the finding of guilt and dismissal, the presumption of regularity is rebutted to the extent that it was incumbent upon respondent to come forward and show that the Police Commissioner had made an '' informed '' decision without the transcript of the minutes. While we would not entertain an inquiry into the extent of the investigation or knowledge acquired by the Police Commissioner or the methods by which he reached his determination, the peculiar facts in the instant proceeding called for some evidence to show that there had not been just a formal adherence to the recommendation of the Trial Commissioner.

Nothing was adduced by respondent to overcome that inference. The conjectures in respondent's reply brief as to a hypothetical conference between the Police Commissioner and his deputy hardly supply the omission in the papers of any averment as to such a conference.

Both sides argued the question of the sufficiency of the evidence to support the determination of guilt. It may well be that the Commissioner's determination would have been the same had there been more than just adherence to the recommendations of the Trial Commissioner. Moreover, the present Commissioner, to whom we are remanding the record for a *de novo* consideration, may arrive at an identical conclusion. However, in view of our decision to remand the proceeding, it is not our present function to pass upon the question of whether there is substantial evidence to support the finding until and unless a finding is properly made.

We conclude on the record before us, that the absence of a transcript of the minutes of the hearings and the short interval of time (the same day) which elapsed from the finding of the Trial Commissioner and the dismissal by the Police Commissioner rebutted the presumption of regularity, and that respondent did not produce any proof to show that an " informed " decision was nevertheless made. Under the circumstances we are required to annul the determination of the Police Commissioner on the law and remand the proceeding to the present Commissioner to render his decision on the evidence adduced before the Trial Commissioner.

BOTEIN, P. J., BREITEL, M. M. FRANK, VALENTE and STEVENS, JJ., concur.

Determination unanimously annulled on the law, without costs, and the proceeding remanded to the present Police Commissioner to render his decision on the evidence adduced before the Trial Commissioner.