In the Matter of RAYMOND D. O'BRIEN et al., Petitioners, *v.* VILLAGE ASSESSOR OF THE VILLAGE OF LARCHMONT et al., Respondents.

Supreme Court, Westchester County, January 17, 1962.

*Clune & Malloy* for petitioners. *George F. Forbes, Jr.,* for Village Assessor of Village of Larchmont, respondent. *John F. Delius* for Assessor of Town of Mamaroneck, respondent.

CLARE J. HOYT, J. This is a motion for a joint trial, without consolidation, of two certiorari proceedings.

The petitioners in each proceeding are identical and are the owners of a parcel of real property lying in both the Town of Mamaroneck and the Village of Larchmont. This property appears on the assessment rolls of the village and the town and is subject to realty taxes by both municipalities.

Petitioners instituted proceeding No. 1 on March 21, 1961 for review, under article 7 of the Real Property Tax Law, of a tax assessment on the rolls of the Village of Larchmont alleging that their property is assessed in an amount approximately 130% of full value when the equalization rate fixed by the State for the village is 56% of full value.

Proceeding No. 2 was commenced on September 26, 1961 for review, under article 7 of the Real Property Tax Law, of a tax

assessment on the rolls of the Town of Mamaroneck alleging that their property is assessed in an amount approximately 130% of full value when the equalization rate fixed by the State for the town is 52% of full value.

In each proceeding issue was joined by deemed denials by the respondents. A Referee has been appointed in proceeding No. 1 and none has been appointed in proceeding No. 2.

Pursuant to section 716 of the Real Property Tax Law, the village has admitted an equalization rate of 57% and the town has admitted an equalization rate of 52%.

Respondents oppose the motion on the ground that section 710 of the Real Property Tax Law is not intended to cover a situation where the court is asked to consolidate proceedings to review assessments in different municipalities, even though the property is the same.

The court does not believe that section 710 governs this situation.

Section 710 of the Real Property Tax Law is the former section 290-d of the Tax Law and provides: " A justice before whom separate petitions to review assessments of real property are pending may on his own motion consolidate or order to be tried together two or more proceedings where the assessments involved are affected in the same manner by the alleged illegality, error or inequality ".

In *Matter of Allen* v. *Rizzardi* (5 N Y 2d 493, 499) Judge FROESSEL, writing for an unanimous court held: " Where *a party moves* to have several proceedings consolidated or tried together, sections 96 and 96-a of the Civil Practice Act apply since the Tax Law is silent in this respect (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 338–339; Powell and Jacobs, Reducing Realty Taxes [3d ed., 1949 Supp.], p. 13). If, then, parties bring separate proceedings and thereupon apply for consolidation under section 96 of the Civil Practice Act, the court could grant consolidation ' whenever it can be done without prejudice to a substantial right ' " (emphasis in original decision).

In the case at bar, petitioners are moving for a joint trial. It would appear that section 96-a of the Civil Practice Act is the applicable authority, not section 710 of the Real Property Tax Law.

The court believes that the granting of a joint trial will not prejudice any of respondents' substantial rights. Rather, granting the relief should expedite the litigation by avoiding a multiplicity of suits and bringing about a speedier and less expensive administration of justice (*Matter of Allen* v. *Rizzardi, supra*).

A certiorari proceeding is tried before the court without a jury or a Referee, thus the objection that a joint trial would unduly complicate matters on the issue of inequality, insofar as the parcels to be appraised for comparative purposes within the village and town, is not serious.

The awarding of costs, under section 722 of the Real Property Tax Law, in respect to each municipality does not constitute a problem. In a joint trial costs are taxed as in the initial causes and an individual judgment is entered in each action or proceeding (*Vidal* v. *Sheffield Farms Co.*, 208 Misc. 438, 441).

Finally, as was stated in *People ex rel. Adrian Corp.* v. *Sexton* (251 App. Div. 181, 182) '' The procedure followed here  *  *  * will conserve the time of the court and of the litigants; it will tend to bring about a prompt dispatch of litigated business and avoid a multiplicity of suits without prejudice to the parties. *  *  * In cases of this character it frequently occurs, too, that the same experts are called upon to testify concerning the properties involved. As the trial is had before a court or Referee and not before a jury, there can be little danger of confusion even though assessment of many parcels of property is considered in the same proceeding.''

The motion is accordingly granted.