■ ROGELIO MUNOZ, Respondent, v. EDUARDO CASTRO, Appellant.— Order entered July 18, 1968, unanimously modified on the law and the facts and in the exercise of discretion and the motion to dismiss the action for failure to serve a complaint granted unconditionally, with $30 costs and disbursements to appellant. Plaintiff has failed to show any justification for the delay of almost three years after service of the summons without a complaint, nor has any merit been shown. For these reasons unconditional dismissal is the only proper disposition. (See *Powell* v. *Becker Truck Renting Corp.*, 20 A D 2d 573, and cases therein cited.) Concur — Stevens, P. J., Eager, Markewich, Nunez and Steuer, JJ.

■ In the Matter of DAN'S LIVING ROOM, LTD., et al., Petitioners, v. STATE OF NEW YORK LIQUOR AUTHORITY, Appellant.— Order entered November 6, 1968, annulling that portion of the Authority's determination requiring an all-cash sale and prohibiting the taking back of any mortgage, unanimously reversed on the law, and the determination of the Authority is confirmed in all respects, with $50 costs and disbursements to respondent-appellant. CPLR 7804 (subd. [g]) does provide that Special Term may pass on objections in point of law, but the action of the court herein in annulling in part a determination by the Authority transcended a point of law. The fact that a hearing was held made it mandatory that there be appellate review as to the question of substantiality of evidence based on the entire record. Thus, the entire proceeding to review should have been transferred to the Appellate Division, and the proceeding having reached this court it is required that it be treated as though it was fully and properly transferred. (See, last sentence of CPLR 7804, subd. [g]; *Matter of D.H.K. Rest.* v. *New York State Liq. Auth.*, 31 A D 2d 525; *Matter of Koppel* v. *Hults*, 20 A D 2d 669; *Matter of Galusha* v. *Picard*, 165 Misc. 539 [Bergan, J.]; 24 Carmody-Wait 2d, New York Practice, § 145:354, p. 199.) As to the determination by the Authority, the administrative agency is the sole arbiter of the issues of fact. Our function is to determine it on the entire record, the findings of the Authority are supported by substantial evidence. This we so find. The matter of sanctions rests with the Authority except for abuse of discretion. (See, *Matter of Playboy Club* v. *State Liq. Auth.*, 23 N Y 2d 544.) From the entire record, the petitioner emerges as a protagonist completely immersed in machinations involving the clandestine financing of straitened licensees through intermediaries he controls. And that further, he has aided and abetted puppet licensees in concealing the true financial control from the Authority. The finding by the Authority is supported by substantial evidence. And accordingly, we do find the orders of recall, conditionally effective January 15, 1969, are similarly supported by substantial evidence in accordance with CPLR 7803 (subd. 4), and thus we confirm in all respects. Concur — Capozzoli, J. P., McGivern, McNally and Steuer, JJ.