Howabd T. Hogan, J.
In these tax certiorari proceedings, the petitioners move for an order pursuant to CPLR 602 (subd. [a]) and CPLR 603 and section 710 of the Real Property Tax Law providing that a joint trial be conducted in the above proceedings on the separate issue of inequality.
Petitioners, all represented by the same counsel, contend that such joint trial is warranted because a common question of fact, the issue of inequality, is involved in each of the proceedings. The determination of this one issue in one action, they contend, will avoid the delay which would result from a series of separate trials, one for each petitioner, in which the same issue, inequality, must be proven, in addition to the proof required in each such trial of the value of the property under review.
It appears to the court that not only time but also the expenses of an inequality trial will be drastically reduced by adopting the procedure suggested by petitioners. This would be beneficial to both petitioners and respondent. The factual issue of inequality is present in all of these proceedings.
Section 710 of the Real Property Tax Law and CPLR 602 (subd. [a]) recognize and set forth the broad powers of the court in consolidating or ordering the joint trial of actions when *382 common questions of law or fact are involved. These statutes express the modern and liberalized view of joinder as a means of eliminating multiplicity of actions, trial delay and the expense of litigation.
The courts, too, have recognized this philosophy in the field of tax assessment review proceedings and have permitted joinder in cases where several distinct parcels were in one ownership and even where each of several parcels was owned by different taxpayers (Borgos v. Duerstein, 283 App. Div. 1069; People ex rel. Adrian Corp. v. Sexton, 251 App. Div. 181; Matter of Allen v. Rizzardi, 5 N Y 2d 493).
Joinder has been ordered even where the parcel under review was subject to two different taxing jurisdictions each with a different equalization rate and inequality was alleged in the petitions (Matter of O’Brien v. Village Assessor of Vil. of Larchmont, 35 Misc 2d 204). We must also bear in mind that a certiorari proceeding is tried before the court without a jury. Respondent’s objection that a joint trial would complicate matters on the issue of inequality is without merit (O’Brien v. Village Assessor of Vil. of Larchmont, supra).
By the same token, CPLR 603 recognizes the broad powers of the court to order a separate trial of any issue in the interests of convenience or to avoid prejudice. The court is of the opinion that the granting of a joint trial on the separate issue of inequality will not prejudice any of respondent’s rights. The granting of such relief will expedite the litigation by avoiding a multiplicity of suits on the same issue and will bring about a speedier and less expensive administration of justice (Matter of Allen v. Rizzardi, 5 N Y 2d 493, supra). To require a separate trial on the issue of inequality in these proceedings will bring before the court the same experts and essentially the same proof several times over. “ Finally, as was stated in People ex rel. Adrian Corp. v. Sexton (251 App. Div. 181, 182), ‘ The procedure followed here * * * will conserve the time of the court and of the litigants; it will tend to bring about a prompt dispatch of litigated business and avoid a multiplicity of suits without prejudice to the parties * * * In cases of this character it frequently occurs, too, that the same experts are called upon to testify concerning the properties involved. As the trial is had before a court or Referee and not before a jury, there can be little danger of confusion, even though assessment of many parcels of property is considered in the same proceeding.’ ” (Matter of O’Brien v. Village Assessor of Vil. of Larchmont, 35 Misc 2d 204, 206.)
Accordingly, the motion is granted.