■ In the Matter of TIMOTHY O'DONNELL, Appellant, v SAMUEL ROZZI, as Commissioner of Police of the County of Nassau, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of Police of the County of Nassau, dated June 7, 1982, which found petitioner guilty of violating two rules of the Nassau County Police Department and directed forfeiture of one day's salary. By order dated October 13, 1982, the Supreme Court, Nassau County (Lockman, J.), held that the rules which petitioner violated were constitutional and transferred the proceeding to this court for a determination of the issue of substantial evidence. Petitioner purports to appeal from said order. Appeal dismissed, without costs or disbursements, and order dated October 13, 1982, vacated. Determination confirmed and proceeding dismissed on the merits, without costs or disbursements. In a proceeding pursuant to CPLR article 78, a respondent may raise "an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition" (CPLR 7804, subd [f]), and a petitioner may raise "an objection in point of law to new matter contained in the answer by setting it forth in his reply or by moving to strike such matter" (CPLR 7804, subd [f]). Such objections may be determined by Special Term notwithstanding the presentment of an issue with respect to substantial evidence (CPLR 7804, subd [g]). However, in the present matter, in which an issue of substantial evidence was raised, Special Term passed upon legal issues which were raised in the petition as grounds for annulling respondent's determination. That constituted error because such legal issues were not objections in point of law, but dealt instead with a portion of the merits of petitioner's claim (see *Matter of Dan's Living Room v State of New York Liq. Auth.,* 31 AD2d 799, affd 25 NY2d 759). Thus, the entire proceeding should have been transferred to this court, and, having reached this Bench, the proceeding will be treated as though it were fully and properly transferred (CPLR 7804, subd [g]; see *Matter of Dan's Living Room v State of New York Liq. Auth., supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7804:9, pp 507-508; Siegel, NY Prac, § 568). Upon our review of the allegations in the petition, we reject petitioner's legal arguments and find that the determination is supported by substantial evidence. Titone, J. P., Lazer, Thompson and Boyers, JJ., concur.