■ In the Matter of VARRINGTON CORPORATION, Petitioner, v CITY OF NEW YORK DEPARTMENT OF FINANCE et al., Respondents. [607 NYS2d 630] —Determination of the Commissioner of Finance of the City of New York ("the Commissioner"), dated March 27, 1992, finding that the petitioner was subject to a total general corporation tax deficiency for the years 1984, 1985 and 1986, inclusive, with interest thereon, in the amount of $338,043.96, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County, Peter Tom, J., entered December 23, 1992), is dismissed, without costs.

There was substantial evidence to support the determination of the Commissioner, rendered after a full evidentiary hearing, affording retroactive effect to General Corporation Tax Regulations § 1-5 (a) ("Regulation 1-5"), so as to subject the petitioner to a general corporation tax deficiency for tax years 1984, 1985 and 1986 as a result of the petitioner's activities as a limited partner in a limited partnership doing business in New York City.

Contrary to petitioner's assertions, the Supreme Court properly transferred the underlying article 78 proceeding to this Court for disposition pursuant to CPLR 7804 (g), since the proceeding raises a question of substantial evidence pursuant to CPLR 7803 (4). The determination under review was made after a mandated hearing (Administrative Code of City of NY § 11-680) at which evidence was taken *(Matter of Dan's Living Room v State of N. Y. Liq. Auth.,* 31 AD2d 799, *affd* 25 NY2d 759).

Although a taxing body does not have unfettered authority to make regulations retroactive *(Central Ill. Pub. Serv. Co. v United States,* 435 US 21, 33 [Brennan, J., concurring]), and may not give retroactive effect to regulations that change settled law, particularly where it leads to harsh results for the taxpayer *(Redhouse v Commissioner of Internal Revenue,* 728 F2d 1249, 1251-1252, *cert denied* 469 US 1034), nevertheless, a taxing authority's retroactive application of a regulation will be upheld where the choice is a rational one supported by relevant considerations *(Chock Full O'Nuts Corp. v United States,* 453 F2d 300, 302).

The Court's review of the within determination is limited to whether the decision rendered was supported by substantial evidence *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Contrary to petitioner's contention, the Commissioner, in applying Regulation 1-5 retroactively, did not unnecessarily and improperly interpret its own regulations, in view of the well-settled principle of law that "great weight is to be given to an administrative agency's interpretation of its own regulations" *(People ex rel. Knowles v Smith,* 54 NY2d 259, 267).

We find that the Commissioner's determination granting retroactive effect to Regulation 1-5 was rationally based and supported by substantial evidence. Specifically, that determination was based upon the Commissioner's finding that section 11-603 (1) of the Administrative Code of the City of New York imposes a general corporation tax "[f]or the privilege of doing business, or of employing capital, or of owning or

leasing property in the city in a corporate or organized capacity, or of maintaining an office in the city"; that the Commissioner has the authority to issue regulations interpreting that section of the Administrative Code; that on July 16, 1990, the Department of Finance promulgated Regulation 1-5 which provides, in pertinent part, that "a corporation shall be deemed to be doing business in the city if it owns a limited partnership interest in a partnership that is doing business, employing capital, owning or leasing property, or maintaining an office in the city"; that, generally, such regulations interpreting tax statutes are retroactive to the effective date of the statute to which they relate unless the taxing authority limits such retroactive limitation (see, Internal Revenue Code [26 USC] § 7805 [b]), and that the petitioner herein cannot validly argue that it relied to its detriment on a "settled policy" of not taxing foreign limited partners, where, as here, New York State Letter Ruling 67 and the Advisory Opinion (TSB-A-88 [10] [C]), upon which the petitioner allegedly relied, were not issued until 1988, well after the 1984 through 1986 tax years in question, and where the petitioner filed general corporation tax returns for the years in question, thereby establishing its understanding of the City policy applying general corporation tax to foreign corporate limited partners in limited partnerships doing business in the City (Gehl Co. v Commissioner of Internal Revenue, 795 F2d 1324; Redhouse v Commissioner of Internal Revenue, supra, at 1252).

Petitioner was therefore on notice when it formed its partnership and filed its original returns that it was subject to liability for the general corporation tax.

We have reviewed the petitioner's remaining claims and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach, Asch and Williams, JJ.