■ In the Matter of GRAND IMPERIAL, LLC, Petitioner, v CITY OF NEW YORK et al., Respondents. [981 NYS2d 516]—

Determination of respondent Environmental Control Board (ECB), dated February 16, 2012, which, inter alia, found that petitioner violated Administrative Code of City of NY § 28-118.3.2 and New York City Zoning Resolution § 22-00, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Manuel J. Mendez, J.], entered on or about March 19, 2013), dismissed, without costs.

The proceeding was properly transferred to this Court as it raised an issue of substantial evidence and respondents raised no objections in point of law requiring disposition by the Supreme Court (see CPLR 7803 [4]; 7804 [g]; see also Matter of Al Turi Landfill v New York State Dept. of Envtl. Conservation,

98 NY2d 758, 760 [2002]; *Matter of O'Donnell v Rozzi*, 99 AD2d 494 [2d Dept 1984]).

Respondent's determination that petitioner's premises were being used primarily as a transient hotel is supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-182 [1978]), including the inspector's unrefuted testimony that he entered 90% of the rooms, spoke to guests concerning the length of their stays, and observed that at least 60% of the premises was being used as a transient hotel. This conclusion was supported by, inter alia, the existence of rooms with three piece bathrooms with sealed toilet seats, towels placed on towel racks, coffee makers, mini-bars, the provision of housekeeping service, and a notice warning guests that staying past check-out time would cause them to be charged for an extra day (*compare Terrilee 97th St., LLC v New York City Envtl. Control Bd.*, 102 AD3d 637 [1st Dept 2013]).

Petitioner failed to establish that its use as a transient hotel was a prior, lawful nonconforming use which existed at the time of the enactment of the relevant statutory provisions and continued thereafter, uninterrupted except for a period of up to two years (*see* Administrative Code § 27-111; NY City Zoning Resolution §§ 52-11, 52-61). Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Gische, JJ.