(Supreme Court, Special Term, New York County. January, 1900.)

1. TAXATION—ASSESSMENT—REVIEW.
    Laws 1896, c. 908, § 250, providing that "two or more persons assessed on the same roll, who are affected in the same manner by the alleged illegality, error or irregularity, may unite in the same petition" for a review of an assessment for taxation, does not authorize the joinder of 22 persons in the one petition, for a review of the assessments of 22 different pieces of real estate, because of overvaluation; the real estate being situated in different parts of the city, and each piece owned by a different plaintiff, and the determination of the legality of the assessment in each case being dependent upon different evidence from that of any of the others.

2. CERTIORARI—MISJOINDER OF PARTIES—MOTION TO SUPERSEDE.
    Where there is an improper joinder of relators in certiorari to review an assessment for taxation, but each has a right equally with the other relators to prosecute the proceeding, the misjoinder should be attacked by a motion to supersede the writ before the filing of the return.

Certiorari by the people, on the relation of the Washington Building Company and others, against Thomas L. Feitner and others, as commissioners of taxes, to review the assessment of certain real estate for taxation. Motion to supersede the writ for misjoinder of parties sustained.

[1] Affirmed on appeal, see 63 N. Y. Supp. 532.

Truman H. Baldwin, for relators.
John Whalen, Corp. Counsel, for respondents.

SCOTT, J. This is a motion to supersede a writ of certiorari issued to review the assessment of certain real estate in the city of New York for purposes of taxation. The motion is based upon several grounds, but it is necessary to consider only one. The writ is sued out by 22 relators, seeking to review in one proceeding 22 different assessments of 22 different parcels of real estate in the borough of Manhattan. Each of the 22 petitioners claims to be the owner of one of the 22 parcels of real estate described in the petition, and the several parcels are not adjacent to each other, or even located in the same section or portion of the city, or, so far as appears, improved by buildings of the same general description. It is alleged that the assessment of each of said parcels was and is illegal, and was and is erroneous by reason of overvaluation, and was and is erroneous because made at a higher proportionate valuation than the assessment of other real estate on the tax rolls of the city of New York and in the borough of Manhattan, and also in the assessment district of the borough in which said parcels are situated. For the purpose of sustaining the charge that the assessments are disproportionately high, comparison is made respecting each parcel with other parcels of real estate, but in the case of each parcel embraced in the petition the comparison is made with other and different parcels from those used for purposes of comparison with respect to each other parcel as to which relief is sought. The proceeding is brought under article 11 of the tax law (chapter 908, Laws 1896), and the sufficiency of the petition must be determined by the terms of that act. By a reference to section 250 and the following sections of the statute, it will be seen that the procedure therein prescribed is peculiarly adapted to a case in which the writ is sued out by a single petitioner to remedy an injustice which affects him alone, and is not appropriate to a proceeding wherein a large number of individuals unite, each claiming to be aggrieved respecting his own property, and having no interest in nor complaint concerning the assessment of the property of his co-petitioners. The relators, however, found their claim of the right to prosecute this proceeding upon the last sentence of section 250 of the act of 1896, which reads as follows: "Two or more persons assessed upon the same roll, who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition." This provision cannot be so construed as to cover the petition presented here. Clearly, it is intended to apply to a case wherein the adjudication upon the complaint of one taxpayer must necessarily determine the complaints of others,—where a number of taxpayers complain of their assessment for the same reason upon the same or identical facts. In such a case there would be presented but a single issue, and the law, having been settled upon the state of facts presented and proven by one taxpayer, would apply to the complaint of every taxpayer presenting and proving the same state of facts. The writ under consideration presents no such

case. It involves 22 distinct issues, each resting upon its own facts, and no one of which can be determined by the facts provable under the allegations of the petition respecting any other issue. Evidence that might tend to sustain the allegations of the petition as to No. 1 Broadway could obviously have no bearing upon the complaint as to the assessment of No. 122 West Seventy-Second street. In short, the writ presents 22 totally different complaints of illegal, excessive, and disproportionate assessment, each one of which will depend upon different evidence from every other. It is almost inevitable that, if issue were to be joined and a trial had upon the petition and writ as they stand, the excess or disproportion of assessment, if found as to any of the parcels, would differ widely in degree and amount, and it is by no means improbable that the assessment might be found to be excessive and disproportionate as to some parcels, and fair and proportionate as to others, so that as to some of the relators judgment would run in their favor, and as to others judgment would go against them. The several relators can be said to be "affected in the same manner" only because they all claim that their property has been overvalued, either absolutely or proportionately to other property on the same roll. This is not what the statute contemplated. To unite more than one taxpayer in a single petition, all those so uniting must not only be "affected in the same manner," but must be so affected by "the" alleged illegality, error, or inequality. In other words, the particular illegality, error, or inequality which is alleged as to the property of one petitioner must be equally applicable to the property of every petitioner uniting in the application for the writ, and hence the evidence of the illegality, error, or inequality applicable to the complaint of one petitioner must be applicable to the complaints of all. Here there is alleged, not one illegality, error, or inequality which may be availed of by all the petitioners, but twenty-two separate and distinct instances of illegality, error, or inequality, no one of which is applicable to the complaint of more than one of the petitioners. The writ being unauthorized, a motion to supersede it is the proper practice, when made before the filing of the return. This is not a case where the appropriate remedy for an improper joinder of relators is by motion to strike out the parties improperly joined. Such a motion should be made where it appears that one or more of the relators has no interest in the controversy or no wrong to be redressed. People v. Cheetham, 45 Hun, 6. In the present case every relator claims to have been wronged, and it would be impossible to say that any one of them, more than any of the others, had such an interest in the controversy as would entitle him to prosecute the proceeding in preference to his co-relators. The motion must be granted, with $10 costs.

Motion granted, with $10 costs.