THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WASHINGTON BUILDING COMPANY et al., Appellants, *v.* THOMAS L. FEITNER et al., Commissioners of Taxes and Assessments of the City of New York, Respondents.

TAX LAW — SECTION 250, CONSTRUED. Section 250 of the Tax Law (L. 1896, ch. 908), which provides that two or more persons assessed upon the same roll who are affected in the same manner by an alleged illegality, error or inequality in an assessment may unite in the same petition to have the assessment declared illegal, was intended to apply to a situation wherein the adjudication upon the complaint of one taxpayer necessarily determines the complaint of others, as, where in reality but a single issue is presented, so that the law being settled as to the facts of one case it is alike applicable to all the other cases and the provision of the statute was not intended to permit any and all parties, who are aggrieved by their local assessments, to unite in one proceeding.

*People ex rel. Washington Bldg. Co.* v. *Feitner,* 49 App. Div. 385, affirmed.

(Argued April 17, 1900; decided June 12, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, made March

1900.]    People ex rel. Wash. Bldg. Co. *v.* Feitner.    385

N. Y. Rep.]      Opinion of the Court, per Parker, Ch. J.

23, 1900, affirming an order of Special Term superseding a writ of certiorari to review the assessments for the year 1899 which had been levied upon certain real estate in the city of New York.

Applications having been made to the commissioners of taxes and assessments of the city of New York, by the Washington Building Association and twenty-one other parties, each owning separate and distinct parcels of real estate in different parts of New York city, for a reduction of the assessed valuation of their respective parcels, and hearings having been had, and the relief denied, a motion was made on behalf of all the parties for a writ of certiorari, to review such proceedings and the writ duly issued.

Thereafter a motion was made on behalf of the tax commissioners to quash or supersede the writ upon six enumerated grounds, the principal and material one of which was "That there is a misjoinder of parties, inasmuch as the persons united in the said petition are not affected in the same manner by the alleged illegalities, errors or inequalities."

*Truman H. Baldwin* for appellants.  It was proper for the appellants to join in one proceeding.  (L. 1896, ch. 208, § 250 ; L. 1897, ch. 367, § 906 ; *People ex rel.* v. *Williams,* 90 Hun, 501 ; *People ex rel.* v. *Barker,* 87 Hun, 194 ; *People ex rel.* v. *Palmer,* 86 Hun, 513 ; 148 N. Y. 732 ; *People ex rel.* v. *Budlong,* 25 App. Div. 373.)

*John Whalen, Corporation Counsel (James M. Ward* of counsel), for respondents.  The order superseding the writ was properly granted, because there was a misjoinder of parties, inasmuch as the parties united in the said petition are not affected in the same manner by the alleged illegalities, errors or inequalities.  (L. 1896, ch. 908, § 250.)

Parker, Ch. J.   We agree with the courts below that the last sentence of section 250 of chapter 908 of the Laws of 1896, which provides that "Two or more persons assessed

**386** People ex rel. Wash. Bldg. Co. v. Feitner. [June,

Dissenting opinion, per Landon, J. [Vol. 163.

upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition," was intended to apply to a situation wherein the adjudication upon the complaint of one taxpayer necessarily determines the complaints of others, as, where in reality but a single issue is presented, so that the law being settled as to the facts of one case it is alike applicable to all other cases, but was not intended to permit any and all parties to unite who are aggrieved because of their local assessments. The statute was not, for instance, intended to countenance such an absurdity as uniting as relators in proceedings to review assessments the Brooklyn Rapid Transit railroad, with its several hundred miles of surface and elevated railroads in the borough of Brooklyn, the Metropolitan Traction Company, with its various owned and leased lines in the borough of Manhattan, and the Union Railway Company in the borough of the Bronx, necessitating upon the trial an examination of facts touching the value of the properties of each company as distinguished from the others and involving, therefore, different issues.

Our conclusion is that the courts below rightly decided the question presented and we approve of the reasoning which led to their determination.

Landon, J. (dissenting). We think that section 250 of the Tax Law (Chap. 908 of the Laws of 1896) permitted the relators to unite in the petition for the writ of certiorari authorized by section 251 of the same act Section 250 provides that "Any person assessed upon any assessment roll, claiming to be aggrieved by any assessment for property therein, may present to the Supreme Court a petition duly verified setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or if erroneous by reason of overvaluation, stating the extent of such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent

thereof, and stating that he is or will be injured thereby. Such petition must show that application has been made in due time to the proper officers to correct such assessment. Two or more persons assessed upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition."

Section 906 of the charter of the city of New York (Ch. 378, Laws 1897) is practically identical with the foregoing section, except that the section of the charter omits the final clause of section 250 of the Tax Law, relating to "two or more persons." The charter does not prescribe the procedure in case of certiorari, except to state in section 906 that it shall be allowed "to review or correct on the merits any final determination of the board of taxes and assessments." The final clause of section 250 was undoubtedly intended as an extension of its remedial features. Its plain purpose is to lessen the multiplicity of separate cases, to test so far as practicable by the same evidence, by the same rule and standard, applied by the same judicial tribunal, many cases falling substantially within the same category of illegality, error or inequality. Twenty-two separate reviews of as many assessments by separate tribunals might result in an inequality among themselves as great as each petitioner complains of between his property and the other properties which he instances in his petition. If each petitioner had presented his separate petition to the same court on the same day twenty-two writs might have been issued. It is not improbable that upon the respondents' several returns the court would have referred them all to one referee. Much labor in taking testimony would thus be saved, and the referee, after the examination of the twenty-two cases, would be the better qualified to make the proper disposition of each one. The respondents' brief informs us that over a half a million of separate parcels of real estate were assessed for the purposes of taxation in the city of New York for 1899. Cases of illegality, error or inequality are likely to occur. The provision for the joinder of two or more persons in one petition for relief was evidently conceived as one step

**388**   People ex rel. Wash. Bldg. Co. *v.* Feitner.   [June,

Dissenting opinion, per Landon, J.         [Vol. 163.

toward making it easier for the aggrieved, or those who think themselves aggrieved, to obtain a further hearing. This is important in the interest of justice, and also upon grounds of public policy, because the discontent which taxation excites is mitigated by a belief that if unjust to several individuals the remedy of each is less burdensome if all unite to obtain it. If the petitioners were united in interest, such a statutory provision would not be necessary ; it is necessary because they are not united in interest, but "are assessed upon the same roll " and "affected in the same manner by the alleged illegality, error or inequality." It is possible by a strict construction to hold that each of the twenty-one petitioners, other than the Washington Building Company, should allege in the joint petition that each is affected in the same manner as that company is by the inequalities and the extent thereof specified by that company between its property and the other properties as to which that company institutes a comparison in the petition. But it is obvious that this strict construction would practically nullify the statute, since it is improbable that the property of every petitioner, other than the Washington Building Company, is affected to the same extent by the undervaluation of the same property — no more, no less and by no other — as is that company.

If we construe section 250 literally with a view to promote its remedial intent instead of defeating it, we find that it first provides that "any person assessed upon any assessment roll claiming to be aggrieved " may present his petition, and then the section provides what the petition shall set forth as to his alleged individual grievance. Then it provides that "Two or more persons assessed upon the same roll, who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition." That is, as one person may set forth his individual grievance, so two or more persons instead of making separate petitions may unite with him in the same petition, and each set forth his individual grievance, provided he is affected in respect of his grievance in the same manner "by the alleged illegality, error or inequality." The

1900.]   People ex rel. Wash. Bldg. Co. *v.* Feitner.   389

N. Y. Rep.]        Dissenting opinion, per Landon, J.

section does not say as "alleged" by the one or "any person," mentioned in its opening words, and as it extends its remedy to "two or more persons," it is reasonable to construe it as meaning that each one of the "two or more persons" mentioned in the final clause of the section has the same right of individual statement in the petition as the one person mentioned in its opening clause, provided the illegality, error or inequality he complains of affects him in the same manner as the like (not the same) inequality, error or illegality affects every other petitioner.

The petition is framed in pursuance of the provisions of the section thus construed. As said in *People ex rel. Warren* v. *Carter* (109 N. Y. 576), and repeated in *Matter of Corwin* (135 N. Y. 245), it shows "a state of facts from which a presumption justly arises that the inequality of which he complains will subject him to the payment of more than his just proportion of the aggregate tax." Neither the order for the writ nor the writ itself is attacked in the motion.

The writ was issued within four months after the determination of the assessors became binding. This seems to be the practice in the first department. (*People ex rel. Bronx Gas Co.* v. *Barker*, 22 App. Div. 161.) Section 251 of the Tax Law provides that "Such petition must be presented to a justice of the Supreme Court or at a Special Term of the Supreme Court in the judicial district in which the assessment complained of was made, within fifteen days after the completion and filing of the assessment roll and the first posting or publication of the notice thereof as required by this chapter." The filing therein mentioned, as was said in the *Bronx* case, is evidently that required by section 38 of the Tax Law, which provides that an assessment roll when completed and verified shall be filed on or before September first in the office of the town or city clerk, there to remain fifteen days for inspection. The court then said : "That provision may apply to fifty-nine of the sixty counties of the state, but cannot have the remotest application to the city of New York. * * * What was necessary, in order to enable the petitioner

to procure the writ in this case was a fixed and unchangeable assessment. Filing of the assessment roll was not necessary." And the court held that the time within which to apply for the writ must be the four months given by the Code, section 2125.

The petition states that "the said assessments became fixed and unchangeable on the first day of June, 1899, and have since been confirmed by the Municipal Council," but is silent as to the filing of the roll and the first posting or publication of the notice thereof. The respondents have made no return to the writ, and hence the allegations of the petition are not controverted. The notice of motion to supersede the writ did not state as one of the grounds of the motion that the petition was presented too late, but that it "is not in accordance with the procedure provided by article eleven of chapter 908 of the Laws of 1898." That may be true and not be fatal.

The charter is silent as to the time. The provisions of the Tax Law fixing the limit at fifteen days make the time commence with a filing of the assessment roll, which, if ever applicable to the city of New York, is not applicable under the provisions of the charter. (Sections 907, 908, 909, 910, 911.) Then if section 2125 of the Code is inapplicable, there is no time limit. (*Matter of Corwin, supra.*) If that section does apply, this writ is within the limit it prescribes. Much has been said by this and other courts to the effect that the writ of certiorari to review assessments for taxation is governed by the statute apart from the Code. But we do not need to look to section 2125 to sustain this writ.

There are some other objections suggested by the respondents, in opposition to the allowance of the writ, but they do not strike us as requiring discussion.

The order should be reversed, with costs, and the motion to supersede denied, with costs.

BARTLETT, HAIGHT and VANN, JJ., concur with PARKER, Ch. J., for affirmance; O'BRIEN and MARTIN, JJ., concur with LANDON, J., for reversal.

Order affirmed, with costs.