THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE WASHING-
TON BUILDING COMPANY, a Corporation duly Organized and Exist-
ing under and by Virtue of the Laws of the State of New York,
and Others, Appellants, *v.* THOMAS L. FEITNER and Others, as
Commissioners of Taxes and · Assessments of the City of New
York, Respondents.

*Review of assessments for taxation —joinder of several owners of several pieces of
property not of the same nature is not permissible.*

The owners of separate pieces of property, not of the same nature, located in
the borough of Manhattan, assessments levied upon which are alleged to be
excessive and unequal, cannot, where the determination of their respective
rights do not rest upon the same facts, unite in a single proceeding to obtain a
review of such assessments; the fact that it is alleged generally that the valu-
ation of property in the borough of Manhattan was increased seventeen per
cent over the valuation of 1898, while the valuation of property in the borough
of Brooklyn was increased only seven and eight-tenths per cent over the valu-
ation of 1898, does not alter the situation.

APPEAL by the relators, The Washington Building Company, a
corporation duly organized and existing under and by virtue of the
laws of the State of New York, and others, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 9th
day of January, 1900, superseding a writ of certiorari issued to
review assessments for the purposes of taxation.

*John M. Perry*, for the appellants.

*James M. Ward*, for the respondents.

RUMSEY, J.:

There are twenty-two relators owning separate pieces of property.
The complaint of each one is that his assessment is erroneous by
reason of overvaluation, and because it was made at a higher pro-
portionate valuation than the assessment of other real estate on the
tax rolls of the city of New York and in the borough of Manhattan,
and in the assessment district of that borough in which the separate
parcel is situated. The petition for the writ contains a separate
statement in respect to each parcel, showing the amount of the
assessment upon it; the value of it; the amount at which it should

have been assessed to be in accord with the assessed valuation of other property in the neighborhood; and the instances of the assessment of other property which are compared with the assessment of each particular piece of real estate for the purpose of showing that the relators' property was overvalued and unequally assessed. It is alleged generally, too, that the valuation of property in the borough of. Manhattan, in which the relator's property is situated, was increased seventeen per cent over the valuation of 1898, and that the valuation of 1898 was fair. It is alleged that the valuation of the real estate in the borough of Brooklyn was increased only seven and eight-tenths per cent in 1899 over the valuations of 1898; and it is claimed that if the relators should succeed in establishing that the increase in the borough of Manhattan was so much greater than in the borough of Brooklyn, it would necessarily require a finding that the relators' property had been overvalued in comparison with property in the borough of Brooklyn. The court below superseded the writ because of the improper joinder of these relators.

It is very evident that a determination of the questions raised by these writs would require an examination of the valuation of each of these separate pieces of property, the assessment of which is sought to be reviewed. The value of each piece must be ascertained, and it must be compared with the valuation of the other property of the neighborhood and in the city at large; and the question whether each piece has been overvalued must be determined separately by separate comparisons. Whatever may be done with regard to one piece of property can have no effect upon the correctness of the assessment of another piece; so not only is there no necessary connection between them, but in the nature of things a determination with respect to the assessment on one piece can have no bearing upon the determination as to any other piece. So far, then, as the question of the valuation of each particular piece depends upon a comparison with other pieces of property, there must be a separate comparison for each piece.

We cannot see how the allegation that the assessed valuation of property in the borough of Manhattan has been increased seventeen per cent over the valuation of 1898, and that the assessed valuation in the borough of Brooklyn has been increased only seven and eight-tenths per cent, affords any basis for the correction of these indi-

vidual assessments. If it should be established that both in the boroughs of Manhattan and Brooklyn the assessments of 1898 were correct and just, and it should further be established that the whole assessment of the borough of Manhattan had been advanced seventeen per cent, while the whole of the borough of Brooklyn had been advanced seven and eight-tenths per cent, nothing then could be inferred as to the correctness of the valuation of either of the particular pieces of property included in this writ. The question would still remain as to each, whether it had been overvalued. It would not follow because the whole assessed valuation of a borough had been increased, that any particular piece therein had been overvalued, because the general increase of the assessments of the whole borough would not necessarily show an increase in any particular piece, or if it would no presumption would arise that such piece had not increased in value so that its assessment was correct. In respect of each one it would still be necessary to have separate valuations and comparisons.

This writ is not given to the relator for the purpose of attacking the system of making assessments, except so far as the application of that system works injustice to him. The only question is whether the particular assessment has been made as required by the statute, and whether, when so made, it overvalues his property absolutely, or as compared with other similar property on the same roll. The general system that may be adopted is of no assistance in determining this case. Whenever a relator insists that his property has been overvalued, or that the assessment has been irregular, all that is necessary for the determination of the truth of that question is a comparison of the assessment and the valuation of his property with other property. It necessarily follows, therefore, that with respect to such a complaint as this, where the different properties whose assessments are attacked are not of the same nature, and necessarily not of the same value, there is no propriety in uniting several pieces of property in the same writ. As was well said by the learned trial justice, the permission given by section 250 of the Tax Law (Laws of 1896, chap. 908), that "'two or more persons assessed upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition,' * * * is intended to apply to a case wherein the adjudication upon the

complaint of one taxpayer must necessarily determine the complaints of others — where a number of taxpayers complain of their assessment for the same reason upon the same or identical facts." That is not so in this case. For although in this case the relators complain of the assessments for the same reason, yet the determination of each relator's complaint requires an examination of a state of facts with respect to his property which is necessarily entirely different from the facts in respect to the properties of the other relators. Where a single issue is presented as to the illegal valuation or overvaluation of property, which, when determined, necessarily adjudicates the rights of several peoples' interest in similar property, they may join in the proceeding; but they cannot join where their rights depend upon varying facts, and where a determination of the right of one is not conclusive as to the right of another.

As to the objection that the writ was not sued out in time, we have nothing to add to what was said in *People ex rel. Bronx Gas Co.* v. *Barker* (22 App. Div. 161).

The order must be affirmed, with costs.

VAN BRUNT, P. J., BARRETT, O'BRIEN and INGRAHAM, JJ., concurred.

Order affirmed, with costs.