(74 App. Div. 130.)

PEOPLE ex rel. ZOLLIKOFFER et al. v. FEITNER et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. CERTIORARI—TAX ASSESSMENT—JOINDER OF PLAINTIFFS.

Under Laws 1896, c. 908, § 250, providing that two or more persons assessed upon the same roll, who are affected in the same manner by an alleged illegality, error, or inequality, may unite in the same petition for certiorari to review an action of the commissioners, where three owners of property joined in one petition, and it appeared that an adjudication as to one piece would not have settled the issue as to all the others, the writ should have been quashed.

Appeal from special term, New York county.

Certiorari by the people, on the relation of Oscar F. Zollikoffer and others, against Thomas L. Feitner and others, to review a tax assessment. From an order denying defendants' motion to supersede the writ, they appeal. Reversed.

See 72 N. Y. Supp. 1124.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

D. Rumsey, for appellants.

T. Sutro, for respondents.

PATTERSON, J. The relators obtained a writ of certiorari to review the action of the commissioners of taxes and assessments of the city of New York in making three separate assessments upon three separate parcels of land owned in severalty by three of the relators (one of the parcels being under lease to the fourth), for the purposes of taxation for the year 1901. Their joint petition was presented under the claimed permission of section 250 of the general tax law (chapter 908, Laws 1896), which provides, among other things, that two or more persons assessed upon the same roll, who are affected in the same manner by an alleged illegality, error, or inequality, may unite in the same petition. Two grounds of relief are stated in the petition now under review,—one overvaluation, and the other inequality. The claim as to overvaluation appears to be abandoned. The defendant moved to quash the writ on the ground that the averments of the petition did not bring the relators within the permission of section 250 of the general tax law, above referred to, inasmuch as it appeared that all the petitioners were not affected in the same manner by the inequality claimed to exist in the assessment as made. The court below denied the motion to quash, and from the order entered upon such denial this appeal is taken by the city. The decision of the court at special term was erroneous. The relators were not all similarly situated. It was held in People v. Feitner, 49 App. Div. 385, 63 N. Y. Supp. 532, affirmed in 163 N. Y. 384, 57 N. E. 624, that the owners of separate pieces of property not of the same nature cannot unite in a single proceeding to obtain a review of assessments levied upon their respective properties, where the assessments are alleged to be unequal, where the determination of their respective rights do not rest upon the same facts, and where the determination of the right of one is not conclusive as to the right of another. When that case was under review in the court of appeals, it was held that the section of the tax law cited was intended to apply to a situation wherein an adjudication upon the complaint of one taxpayer necessarily determined the complaint of the others,—as where in reality but a single issue is presented,— so that, when the facts as to one case were ascertained and settled, the determination of the single issue would be applicable to all the other cases involved in the proceeding. It is only necessary to read the petition in this case to ascertain that the pieces of property owned by the petitioners are so situated, and are of such a character, and of such different valuations, that an adjudication as to one would

not settle the issue as to all the other pieces, and for that reason the order appealed from was erroneous, and should be reversed, with costs, and the motion to quash or supersede the writ of certiorari should be granted, with costs. All concur.