PEOPLE ex rel. LITCHFIELD et al. v. O'DONNEL et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

TAXATION—ASSESSMENT—REVIEW—CERTIORARI—PARTIES.

Laws 1896, p. 882, c. 908, § 250, art. 11, provides that two or more persons assessed on the same roll, who are affected in the same manner by alleged illegality, may unite in the same petition for review. *Held*, that such joinder is not authorized where the reductions in the values asked are not uniform either as to owners or lots, and the lots are in different blocks, and neither of the petitioners owns lots in any block in which the lots of either of the other owners are situated.

Woodward and Miller, JJ., dissenting.

Appeal from Special Term, Kings County.

Certiorari by the people, on relation of Edward H. Litchfield and others, to review the determination of Frank A. O'Donnel and others, as commissioners of taxes and assessments of the city of New York. Appeal by respondents from an order denying their motion to quash or supersede the writ. Reversed, and motion to quash the writ granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Curtis A. Peters (George S. Coleman, on the brief), for appellant.
William C. De. Witt, for respondents.

RICH, J. This appeal is from an order denying defendant's motion to quash or supersede a writ of certiorari upon several grounds, the only one requiring consideration being "that there is a misjoinder of parties, inasmuch as the persons united in said petition are not affected in the same manner by the alleged irregularities, errors, or inequalities." The writ was issued to review the final determination of the defendants as commissioners of taxes and assessments of the city of· New York, the relators uniting in the .petition under the provisions of section 250, art. 11, of the tax law (Laws 1896, p. 882, c. 908), which is in the following language:

"Two or more persons assessed upon the same roll, who are affected in the same manner by the alleged irregularity, error, or inequality, may unite in the same petition."

The petition upon which the writ issued recites overvaluation of the relator's property and inequality of the assessments sought to be reviewed, in that they are made at a higher proportionate valuation than the assessments of other real estate of like character in the same locality. It contains the following averment:

"That the following list truly states in detail the real property of the above-named petitioners covered by this proceeding, as contained in the rolls and books of the department of taxes and assessments, and shows the valuation of each piece or parcel thereof upon the assessment roll of 1905, and the valuation to which the same should be reduced, as prayed for by the petitioners aforesaid, and the extent of its overvaluation."

This averment is followed by a table in which it appears that 29 lots are involved in the contention of the relators, 10 of which are owned by Edward H. Litchfield, 6 by Edward H. Litchfield and others, and 13 by the Brooklyn Improvement Company; that the lots are in 13 different blocks; that neither of the petitioners owns lots in any block in which the lots of either of the other owners are situate; that none of the lots bear consecutive numbers; that of the 29 lots, with two exceptions (lots Nos. 1 and 6 in block 987, owned by Edward H.· Litchfield, assessed at $8,000 each, and lot No. 120, block 980, and lot No. 92, block 990, assessed valuation $30,000 each, both owned by the Brooklyn Improvement Company), no two lots are of the same assessed valuation, varying from $4,000 to $110,000, and the valuation asked for by petitioners varies from $2,500 to $52,500. The reduction in values asked are not uniform either as to owners or lots. The facts appearing in the petition are almost identical with the .facts before the court in People ex rel. Washington Building Co. v. Feitner, 49 App. Div. 385, 63 N. Y. Supp. 532. Mr. Justice Rumsey, writing for the court in that case, said:

"The petition for the writ contains a separate statement in respect to each parcel, showing the amount of the assessment upon it, the value of it, the amount at which it should have been assessed to be in accord with the assessed valuation of ·other property in the neighborhood, and the instances of the assessment of other property which are compared with the assessment of each particular piece of real estate, for the purpose of showing that the relator's property was overvalued and unequally assessed."

The same averments of an increase in valuation in the ward in which relator's property is located over that of the preceding year, and comparison of valuation for assessment of property in said ward with that in the other boroughs of the city of New York that were before the court in the case cited, appear in the petition under consideration, and the reasoning and conclusions reached by the court in that case, subsequently affirmed by the Court of Appeals (163 N. Y. 384, 57 N. E. 624), and later reiterated in People ex rel. Zollikoffer v. Feitner, 172 N. Y. 618, 64 N. E. 1124, control the disposition of this appeal.

The order must be reversed, with $10 costs and disbursements, and the defendant's motion to quash the writ must be granted, with costs. All concur, except WOODWARD and MILLER, JJ., who dissent.