In a proceeding pursuant to article 13 of the Tax Law, instituted by 35 owners of separate parcels of real property to reduce tax assessments, the appeal is from an order directing that the alleged causes of action set forth in the petition and notice be severed and that eaeh petitioner serve an amended notice and petition setting forth his or her alleged cause of action for a review of the real property assessment which was contained in the original notice and petition. Order affirmed, with $10 costs and disbursements (Tax Law, §§ 290-c, 290-d; People ex rel. Washington Bldg. Co. v. Feitner, 49 App. Div. 385, affd. 163 N. Y. 384; cf. People ex rel. American Sugar Refining Co. v. Sexton, 274 N. Y. 304, decided prior to the enactment of § 290-d of the present article 13 of the Tax Law or of its predecessor statutes [L. 1944, ch. 708; L. 1948, ch. 460]). Nolan, P. J., Wenzel, Hallinan and Kileinfeld, JJ., concur; Murphy, J., dissents and votes to reverse the order and to deny the motion, with the following memorandum: Section 290-c of the Tax Law provides in part that: “Two or more persons assessed upon the same roll or rolls, who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition.” Appellants here qualify under that provision. All the properties involved were built about the same time by the same contractor from a basic plan in assembly-line fashion. The same attorney appears for all appellants and the same expert will be used by all to testify as to the errors in the assessments involved. Of the 35 properties described in exhibit “ B ” annexed to an affidavit in support of the motion, 24 of them have six rooms and two *833 baths and the remaining 11 have eight rooms and two or three baths each. The same question of law applies to all the appellants, namely, that the assessments are unfair, inequitable and erroneous. To require each to serve a separate notice and petition under these circumstances appears to be unwise and impractical, particularly since the trial of this proceeding before the same judge or the same official referee would result in uniformity and expedition. This proceeding is different on its facts from People ex rel. Washington Bldg. Co. v. Feitner (163 N. Y. 384) cited by the majority. In that proceeding the properties were separate and distinct parcels of real estate in different parts of New York City, while the properties in the instant proceeding are located in the same development. The consolidation of actions or proceedings where feasible and practical has been favored in recent years, in order to liberalize practice and to remove technical restrictions on the administration of justice and to prevent divergent decisions in each separate case.