Froessel, J.
These two proceedings to review real property assessments for the 1955 (Allen) and 1956 (Chiron) tax years were each commenced jointly by 35 and 48 petitioners, respectively, all residents of the Bayberry Development in New Rochelle. Certain petitioners are involved in both proceedings. Attached to each petition is a schedule setting forth the name of each petitioner, a description of his property, the actual assessment of land and improvements, the claimed value of each, and the extent of alleged overvaluation.
Prior to answer, respondents moved to sever on the grounds that the joinder was prejudicial to respondents, it would cause *496 confusion and delay, that each parcel differed from the'others, and that “ each is a separate and distinct valuation
Petitioners in their opposing affidavit stated that all of the homes involved were located in the same development, built by the same builder to conform to the same basic model, built from the same plans, were of the same size and made of the same construction, inside and out; that none of them was custom built but all were of “ assembly line ” construction; that the homes differed only in that some have expansion attics while others do not, and some have a 2- rather than a 1-car garage. The opposing affidavit further alleged that among the common issues are: (1) the treatment of a 16-acre tract of land, including a swimming pool and recreation facilities, which was allegedly improperly assessed against the individual parcels; (2) inclusion in the assessed valuation of appliances and similar personal property; (3) inclusion of the actual cost of street construction for which petitioners had already paid.
Special Term granted respondents ’ motions to sever the causes of action in each proceeding and ordered each petitioner to file a separate notice and petition. The Appellate Division affirmed. We are called upon to decide in each case whether the order granting severance was ‘ ‘ properly made ’ ’. Since it appears that the courts below felt constrained to grant the motions as a matter of law by reason of our decision in People ex rel. Washington Bldg. Co. v. Peitner (163 N. Y. 384 [1900], affg. 49 App. Div. 385), we construe the question certified as one of law, and interpret it as follows: Was the order of Special Term, granting the motion to sever as a matter of law and without the exercise of discretion, properly made?
Section 290-c of the Tax Law provides, so far as here pertinent: “ Two or more persons assessed upon the same roll or rolls, who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition.” In the Washington Building case (supra), construing the virtually identical predecessor of section 290-c, four of the Judges held that 22 owners of separate and unlike parcels in different parts of Manhattan (from No. 1 Broadway to 122 West 72nd Street; 30 Misc. 247, 249) were not “affected in the same manner ” by the alleged fact that it so happened the percentage increase in the 1898 valuation in all Manhattan was greater than *497 that in all Brooklyn. The facts in that case constituted ample ground for the court’s actual decision. In the course of the prevailing opinion, it was stated (p. 386) that the joinder statute “was intended to apply to a situation wherein the adjudication upon the complaint of one taxpayer necessarily determines the complaints of others, as where in reality but a single issue is presented, so that the law being settled as to the facts of one case it is alike applicable to all other cases, but was not intended to permit any and all parties to unite who are aggrieved because of their local assessments. The statute was not, for instance, intended to countenance such an absurdity as uniting as relators in proceedings to review assessments ” three different street railroad companies having properties in three different boroughs of New York City. There followed two cases, People ex rel. Zollikoffer v. Feitner (74 App. Div. 130, affd. 172 N. Y. 618 [1902]) and People ex rel. Litchfield v. O’Donnel (113 App. Div. 713, affd. 187 N. Y. 536 [1907]), in which we affirmed the quashing of writs for misjoinder of parties, without opinion, citing the Washington Building case.
On analysis of the Washington Building case, and in the light of the vast changes which, during the intervening period of over half a century, have been written into our practice, we are persuaded that the quoted language therefrom, unnecessary to the actual decision, should not control us here.
These three cases were decided between 1900 and 1907, long before the enactment of the modern and “ rather revolutionary ” joinder statutes (see Akely v. Kinnicutt, 238 N. Y. 466, 470, 472; cf. Code Civ. Pro., § 446, with Civ. Prac. Act, former § 209 [L. 1920, ch. 925], and with present § 212, subds. 1, 3 [L. 1949, ch. 147]; Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 216-219; see, also, Civ. Prac. Act, § 96, and Report of Joint Legislative Committee on Simplification of Civil Practice, N. Y. Legis. Doc., 1919, No. 111, p. 41). At that time, our court, in construing the statute, was probably mindful of the limited provisions of section 446 of the Code of Civil Procedure, prescribing who may be joined as parties plaintiffs in an action. Now that we are required for the first time in over 50 years to apply section 290-c, we may not read the statute in a vacuum or in the light of our practice statutes of half a century ago. Indeed this has already been indicated in People ex rel. American *498 Sugar Ref. Co. v. Sexton (274 N. Y. 304, 307), which reasserts the rule that, in proceedings to review tax assessments, pertinent and nonconflicting provisions of the Civil Practice Act must be invoked where the Tax Law is silent.
In the last-cited case, decided in 1937 when our practice had been largely liberalized, a New Jersey sugar refining corporation and a New York cooperage corporation, parent and subsidiary, joined in three separate proceedings to review assessments for 1933, 1934 and 1935 on 8 separate parcels in Brooklyn, 6 owned by the parent and 2 by the subsidiary. Motions to quash for misjoinder were denied at Special Term. The Appellate Division reversed on the authority of the Washington Building, Zollikoffer and Litchfield cases (supra). We unanimously reversed the Appellate Division, stating (p. 308) with respect to section 290 (now § 290-c): “ It is urged by respondents that petitioners are not ‘ affected in the same manner, ’ and that, consequently, there is a misjoinder of parties (petitioners). There is much to be said in favor of a contrary conclusion.” (Emphasis supplied.)
We refrained from deciding this question, however, since we held that the proceeding could not be defeated by a motion to quash for misjoinder. We said that “ both parties are properly before the court, and the court, had a timely motion been made, might have ordered a severance (Civ. Prac. Act, § 96[*]) * * * Section 192 of the Civil Practice Act specifically provides that no action or special proceeding shall be defeated by the misjoinder of parties ”. (Emphasis supplied.) Hence, motions to quash as employed in the Washington Building, Zollikoffer and Litchfield cases (supra) were no longer available under the new practice, and, as the American Sugar case (supra) clearly indicates, a motion for severance governed by section 96 of the Civil Practice Act could be resorted to. Thus now section 290-c of the Tax Law and section 96 of the Civil Practice Act may be read together.
In the instant case, respondents have moved for such a severance. If we look to section 96 we find that “A special proceeding may be severed * * * whenever it can be done without prejudice to a substantial right. ’ ’ (Emphasis supplied.) *499 Petitioners urge they were so prejudiced, that the unnecessary and burdensome procedure of having multiple trials on precisely identical issues might well prove so expensive as to deprive them, practically speaking, of all right to review the assessments (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 328-329).
It should be noted that the broad and liberal provisions of section 96 of the Civil Practice Act apply to consolidation of proceedings to review tax assessments as well as to their severance. Section 290-d of the Tax Law permits the court on its own motion to consolidate or join for trial two or more proceedings where the assessments “ are affected in the same manner ”. This amendment was recommended in the final and summarizing Report of the Joint Legislative Committee on Assessing and Reviewing (N. Y. Legis. Doc., 1943, No. 69) after the following finding (p. 105): “ 22. The Committee found it is not widely understood that the Tax Law, section 290, permits the uniting of petitions by two or more persons similarly affected as well as by one owner of many properties similarly affected (Emphasis supplied.) Thus we have the Legislative Committee construing the words ‘ ‘ affected in the same manner ’ ’ as meaning ‘ ‘ similarly affected ’ ’. Where a party moves to have several proceedings consolidated or tried together, sections 96 and 96-a of the Civil Practice Act apply since the Tax Law is silent in this respect (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, pp. 338-339; Powell & Jacobs, Reducing Realty Taxes [3d ed., 1949 Supp.], p. 13). If, then, parties bring separate proceedings and thereupon apply for consolidation under section 96 of the Civil Practice Act, the court could grant consolidation 1 ‘ whenever it can be done without prejudice to a substantial right ”. It would be anomalous to say that a court by the grant of a severance may prevent what the law permits by way of consolidation.
In short, then, we conclude that the construction of the predecessor statute of section 290-c, as set forth in the dictum in the Washington Building case, followed by the Zollikoffer and Litchfield cases (supra), is not controlling here in view of the modern, liberalized and in some respects revolutionary changes written into our practice since the decisions in those cases, affecting among other things the joinder of parties, severance *500 and consolidation, the expedition of litigation by the avoidance of a multiplicity of suits, and the speedy and less expensive administration of justice.
The orders appealed from should be reversed, with costs in all courts, and the matters remitted to Special Term for further proceedings not inconsistent with this opinion. The question certified as above interpreted should be answered in the negative in each case.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Van Vooehis and Bubke concur.
In each proceeding: Order reversed, etc.

 Civ. Prac. Act, § 96, did not authorize severance of a special proceeding until L. 1935, eh. 626,