Louis Gr. Bruhn, J.
This is a motion by the respondents for an order consolidating the above-entitled proceedings. Cross motions, on the part of the petitioners, in Proceedings Nos. 1, 2, 3, 4, 6, 8, 9 and 10 are asserted for the appointment of a Referee in those separate proceedings.
The properties and assessments are as follows:
Proceeding
Owner
Year of
Location Assessment
No. 1 River Troy Realties, Inc........... ... 1-11 Third St. 1960
No. 2 River Troy Realties, Inc........... ... 1-11 Third St. 1961
No. 3 River Trov Realties, Inc........... ... 13 Third St. 1960
No. 4 River Troy Realties, Inc........... 1961
No. 5 Massry Realty................... ... 15-17 Third St. 1961
No. 6 Reginald .7. Carignan, Trustee..... 1961
No. 7 William H. Frear & Co., Inc....... ... 2-8 Third St. 1961
No. 8 I. Wit Realty.................... ... 10-12-16 Third St. 1959
No. 9 I. Wit Realty.................... ... 10-12-16 Third St. 1960
No. 10 I. Wit Realty.................... ... 10-12-16 Third St. 1961
No. 11 The Muhlfelder Co., Inc........... 1960
No. 12 Almon H. Millard................ ... 20 Third St. 1961
No. 13 Kal Times Building Corp.......... ... 28 Third St. 1961
*116 No opposition to the respondents’ motion was advanced by the petitioners in Proceedings Nos. 11,12 and 13.
It is curious to observe first, that, all of the properties are commercial and with the exception of the property in Proceeding No. 6, all of the property involved is located on Third Street, Troy, New York, within a two-block area.
While the excepted property bears a Broadway address it likewise has one side of its property facing on Third Street.
Apparently no objection would be forthcoming if eight separate consolidations were ordered in Proceedings Nos. 1 and 2, 3 and 4, 5, 6, 7, 8, 9 and 10, 11 and 12 and 13 since such practice has prevailed and has been accepted for a number of years without objection.
No doubt has existed that “ Two or more persons having real property assessed upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition.” (Beal Property Tax Law, § 706 [former Tax Law, § 290-c].)
Furthermore, no doubt has existed that “ [a] justice before whom separate petitions to review assessments of real property are pending may on his own motion consolidate or order to be tried together two or more proceedings where the assessments involved are affected in the same manner by the alleged illegality, error in quality”. (Italics supplied.) (Beal Property Tax Law, § 710 [former Tax Law, § 290-d].)
Incidentally, while the language of the last-quoted section varies slightly from its predecessor section, the substance is similar.
Doubt, however, has existed, since the statute was silent, on whether or not upon the application of a party there could be a consolidation of such proceedings.
Such doubt has now been removed, as all counsel involved concede, by the recent Court of Appeals case of Matter of Allen v. Rizzardi (5 N Y 2d 493).
The instant petitioners, who argue most vociferously against consolidation place considerable emphasis on the cases of People ex rel. Washington Bldg. Co. v. Feitner (49 App. Div. 385, affd. 163 N. Y. 384); People ex rel. Zollikoffer v. Feitner (74 App. Div. 130, affd. 172 N. Y. 618) and People ex rel. Litchfield v. O’Donnel (113 App. Div. 713, affd. 187 N. Y. 536).
Although considerable effort was devoted in an attempt to distinguish those cases from the Rissardi case (supra) and the instant ease, it must be noted, first, that the Washington Bldg. case {supra) involved “ 22 owners of separate and unlike par- *117 eels in different parts of Manhattan ”. (Matter of Allen v. Rizzardi, supra, p. 496; italics supplied.)
Second, that in arriving at its affirmance in the Zollikoffer case (supra) the Court of Appeals did so on the authority of the Washington Bldg, case (supra).
Third, that in arriving at its affirmance in the Litchfield case (supra) the Court of Appeals did so on the authority of both the Washington Bldg. Co. and Litchfield cases (supra).
Of interest to note is the fact that the Appellate Division in the Litchfield case (supra, p. 714) observed: “ The facts appearing in the petition are almost identical with the facts before the court in People ex rel. Washington Building Co. v. Feitner (49 App. Div. 385). ”
Therefore, it becomes immediately obvious that reliance on any of those cases would be extremely hazardous in view of the factual dissimilarities involved in those cases.
Furthermore, in the Rizzardi case, (5 NY 2d 493, 499-500, supra), the court in speaking of the three cases mentioned, stated: “ In short, then, we conclude that the construction of the predecessor statute of section 290-c, as set forth in the dictum in the Washington Building case, followed by the Zollikoffer and Litchfield cases (supra), is not controlling here in view of the modern, liberalized and in some respects revolutionary changes written into our practice since the decisions in those cases, affecting among other things the joinder of parties, severance and consolidation, the expedition of litigation by the avoidance of a multiplicity of suits, and the speedy and less expensive administration of justice.”
In reviewing the petitioners’ objections in the instant case it seems irreconcilable that their objections so closely approximate the very objections advanced by the city in the Rizzardi case (supra).
In that case (pp. 495-496) the city resisted the joinder of a number of petitioners located in the same geographical area with the argument that the joinder, so far as the city was concerned, would be “ prejudicial * * * it would cause confusion and delay, that each parcel differed from the others and that ‘ each is a separate and distinct valuation.’ ”
The Court of Appeals refused to accept such arguments and upon the basis of the controlling principle of section 96 of the Civil Practice Act held in effect, that no .substantial right was prejudiced.
Therefore, in the opinion of this court, the same is true in the instant case since there has been no demonstration of any prejudice to a substantial right.
*118 The court, under those circumstances and, in the exercise of its discretion, grants the respondents’ motion for consolidation and denies the petitioners ’ cross motions, without costs.