■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARLEN MICHAEL MORALES, Appellant.— Appeal from a judgment entered upon a plea of guilty to assault in the second degree, in County Court, Clinton County. On this appeal from a judgment of conviction for assault in the second degree entered in Clinton County Court upon defendant's plea of guilty to that crime, the record shows that the Judge made this statement on December 1, 1961 when the plea was taken: "The court will accept plea of guilty to assault second degree, the third count of indictment 34, to cover the entire indictment, provided the plea is not changed nor withdrawn. If it is, then the counts of the indictment will be back in status quo." The Clerk's minutes also show that the court accepted the plea "providing the plea is not withdrawn or changed". The record of questions and answers in the statement taken in court after the plea of guilty contains this: "Have you any legal or other reason why sentence should not be pronounced upon you by the Court?" Defendant's answer was "Not guilty of charges as stated in indictment." On December 28 defendant's attorney moved for permission to change his plea. This motion was denied without comment by the court. In our opinion the motion should have been granted. The statement by the Judge on December 1 that the plea was accepted "provided" it was not changed and adding that "if it is" the indictment "will be back in status quo" was a clear implication that the plea could be withdrawn with certain predetermined consequences. Moreover, a Judge should not allow a plea to stand without some further inquiry and resolution of the conflict when at the same time a defendant has entered a plea of guilty he states in answer to the statutory question as to why sentence should not be pronounced that he is "not guilty". Judgment reversed and motion to withdraw plea granted. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.

■ In the Matter of RIVER TROY REALTIES, INC., et al., Petitioners, and KATHRYN DOWLING et al., Appellants, v. COMMISSIONER OF ASSESSMENT AND TAXATION OF THE CITY OF TROY et al., Respondents.— This is an appeal from an order of Special Term, Supreme Court, Rensselaer County, which consolidated some 13 special proceedings brought by 8 different owners of real property into one action upon a motion therefor by respondents. It appears that all of the proceedings were brought to review tax assessments for the years 1959–1961 on property located within a one-block area on Third Street in the City of Troy. Eight of the proceedings relate to the year 1961, four of the proceedings to the year 1960 and one of the proceedings to the year 1959. Five of the parties are interested solely in the year 1961; two of the parties in the years 1960 and 1961; one of the parties in 1960 alone; and one of the parties in 1959, 1960 and 1961. Under these circumstances, it is our opinion that the court will have more flexibility in a trial of the various issues involved, particularly the evidence of the different years, by trying the cases together rather than by consolidation. Accordingly, the order of Special Term is modified by directing that the cases be tried together. With the availability of Judges as the result of the recent reorganization of the courts, it is our opinion that the matter should be tried at Special Term and upon application on notice to this court, a Judge will be designated to hear and determine the issues. Order modified by directing that the cases be tried together and otherwise affirmed, without costs. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur. [33 Misc 2d 115.]