In the Matter of GEORGE H. BLANK et al., Respondents, v VIRGINIA BECKER, as Assessor of the Town of Guilderland, Appellant.

Third Department, January 15, 1976

*Frank J. Williams, Jr.,* for appellant.

*Richard F. Riseley, Jr.,* for respondents.

SWEENEY, J. The 25 petitioners united in the present petition are owners of 27 separate parcels in the Town of Guilderland claimed to be overvalued and unequally assessed for the year 1974. All 27 parcels are residential lots; 24 are improved by single-family residences, one is improved by a two-family residence, and two are unimproved. Twenty-one of the parcels are within a radius of 2,400 feet of the same intersection; the other six are scattered throughout the town. Petitioners allege that their assessments are unequal in that they were made at a higher proportionate valuation than assessments of other properties on the same roll. They are all represented by the same counsel and have retained the same appraiser. They further allege that the properties do not differ vastly in types or uses and the same methods of valuation will be used by all parties.

Special Term has denied appellant's motion to sever the proceeding into 27 separate proceedings pursuant to CPLR 603 and this appeal ensued. In view of the more liberalized changes affecting the joinder of parties, we conclude that under the circumstances herein presented, there was no abuse of discretion in denying the motion.

Section 706 of the Real Property Tax Law provides that "[t]wo or more persons having real property assessed upon the same roll who are affected in the same manner by the alleged illegality, error or inequality, may unite in the same petition." The words "affected in the same manner" have been construed as meaning "similarly affected". *(Matter of Allen v Rizzardi,* 5 NY2d 493; NY Legis Doc, 1943, No. 69.) In the instant proceeding all of the petitioners allege that the assessments of their respective properties are erroneous by reason of overvaluation and inequality. Petitioners are clearly affected in the same manner by such alleged inequality. A common issue of fact is presented in each case. Where petitioners may properly consolidate their proceedings pursuant to section 706, the court should not prevent what the law otherwise permits by mandating a severance. *(Matter of Allen v Rizzardi, supra,* p 499.)

CPLR 603 provides that "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims". Severance of the present proceeding would result in substantial prejudice to the rights of petitioners to review their individual tax assessments. It would not further the convenience of the court or the litigants. Moreover, we find no prejudice to appellant assessor if the claims are not severed. (See *860 Executive Towers v Board of Assessors of County of Nassau,* 75 Misc 2d 381, affd 43 AD2d 910; cf. *Matter of River Troy Realties v Commissioner of Assessment & Taxation of City of Troy,* 17 AD2d 999.)

The order should be affirmed, without costs.

MAIN, J. (dissenting). I agree with the majority that the passing years have produced liberalized changes affecting our practice in reference to joinder, severance and consolidation, and I comprehend the admirable purpose of avoiding multiplicity of litigation and the needless expenditure of time and money which can sometimes be avoided by joinder or consolidation. CPLR 602, 603 and 1002 which relate to this subject evidence that liberal trend. This policy, however, is and must be limited to those situations where there is a common question of law or fact. Similarly, section 706 of the Real Property Tax Law clearly envisions the situation where there is a common error or illegality which affects all petitioners in the same manner *(People ex rel. Washington Bldg. Co. v Feitner,* 163 NY 384).

In the instant case the properties are scattered throughout the township. While most are improved, some are not. They vary widely in quality and character, ranging from ancient farmhouses to modern residences, with the full valuation of the parcels ranging from $660 to $50,000. The situation in *Matter of Allen v Rizzardi* (5 NY2d 493), upon which the majority so heavily lean, was decidedly different. There the properties were all part of the same development. All were improved and the dwellings were constructed by the same contractor, built from the same plans, constructed of the same materials and built to conform to the same basic model. In addition, and most importantly in my view, common to all were issues as to the assessment of the 16-acre recreational area with a swimming pool which allegedly was improperly assessed against the individual parcels, the inclusion of appliances and other personal property and the inclusion of the actual cost of street construction which the petitioners them-

selves had paid. Obviously, issues of fact and law were presented and the petitioners were certainly "affected in the same manner". In my view this was the type of situation the Legislature had in mind when enacting section 706 of the Real Property Tax Law. Moreover, the holding in *Allen* was simply that *Washington Bldg. Co. (supra)* did not preclude the exercise of discretion by Special Term on the facts in *Allen;* the holding of *Washington Bldg. Co. (supra)* was proper on its facts, which are substantially the same as those in the present case *(Matter of Allen v Rizzardi, supra,* p 497).

I cannot agree with the majority's conclusion that because all of the petitioners here have alleged that their assessments are erroneous by reason of overvaluation and inequality, a common issue of fact is presented in each case and that they are, therefore, "affected in the same manner". I fail to see where a finding as to one petitioner here is going to determine any issue as to another. The petitioners' only common bond is that they claim to have been overassessed or unequally treated and they all have the same attorney and appraiser. This alone does not fulfill the requirement that they all be "affected in the same manner" or that they are "similarly affected". The petitioners have failed to demonstrate that common link or nexus sufficient to warrant entitlement to join under section 706 of the Real Property Tax Law and the denial of the motion for severance was an improper exercise of discretion.

I would reverse and grant an order severing the proceedings.

HERLIHY, P. J., KOREMAN and REYNOLDS, JJ., concur with SWEENEY, J.; MAIN, J., dissents and votes to reverse in an opinion.

Order affirmed, without costs.