■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE SYPNIER, Appellant. [751 NYS2d 899] —Appeal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered February 2, 2000, convicting defendant upon his plea of guilty of, inter alia, rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and as a matter of discretion in the interest of justice, the plea is vacated and the matter is remitted to Supreme Court, Erie County, for further proceedings on the indictment.

Memorandum: Supreme Court erred in accepting defendant's plea of guilty to the indictment without conducting further inquiry to ensure that the plea was knowingly and voluntarily entered (*see People v Lopez,* 71 NY2d 662, 666). There was no inquiry into defendant's mental or physical status, despite the fact that defendant was then 90 years old and was obviously confused when he entered his plea, nor was there a factual colloquy, which "is one means of assuring that a plea of guilty is voluntary and intelligent" (*People v Winbush,* 199 AD2d 447, 448). Moreover, the court failed to resolve the ambiguity created when defendant pleaded "not guilty. Guilty" to the first count of the indictment (*see People v Serrano,* 15 NY2d 304, 309; *People v Morales,* 17 AD2d 999). We further note that the presentence investigation report indicates that a psychologist for the defense found that defendant might be delusional and that the court itself acknowledged at sentencing that defendant may be "out of touch * * * with * * * reality." "The probabilities are, of course, that defendant received his just deserts, but the record made is not one that assures that this is so" (*People v Lang,* 21 NY2d 338, 351). We therefore reverse the judgment, vacate the plea and remit the matter to Supreme Court, Erie County, for further proceedings on the indictment. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.