■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MOORE, Appellant. [874 NYS2d 341]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered June 14, 2006. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). Contrary to the contention of defendant, we conclude that his waiver of the right to appeal is valid. "Upon our review of the plea allocution, we are satisfied that 'defendant's waiver of the right to appeal reflects a knowing and voluntary choice' " (*People v Hoeft*, 42 AD3d 968, 969

[2007], *lv denied* 9 NY3d 962 [2007], quoting *People v Callahan*, 80 NY2d 273, 280 [1992]). Although the contention of defendant that his plea was not knowingly and intelligently entered survives his waiver of the right to appeal, that contention is not preserved for our review inasmuch as defendant failed to move to withdraw his plea or to vacate the judgment of conviction (*see People v Smith*, 48 AD3d 1171 [2008], *lv denied* 10 NY3d 964 [2008]). This case does not fall within the narrow exception to the preservation requirement (*see People v Lopez*, 71 NY2d 662, 666 [1988]). There is no support in the record for defendant's further contention that County Court was unaware that it had the discretion to impose a shorter period of postrelease supervision (*cf. People v Stanley*, 309 AD2d 1254, 1255 [2003]). Finally, the challenge by defendant to the severity of the sentence is encompassed by his valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]). Present—Scudder, P.J., Martoche, Centra, Fahey and Peradotto, JJ.