■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ALOI, Appellant. (Appeal No. 1.) [910 NYS2d 796]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered October 6, 2008. The judg-

ment convicted defendant, upon his plea of guilty, of unlawful imprisonment in the first degree and attempted criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Cattaraugus County Court for further proceedings on the indictment.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a guilty plea, of unlawful imprisonment in the first degree (Penal Law § 135.10) and attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [1]) and, in appeal No. 2, he appeals from the resentence imposed on that conviction. We agree with defendant in appeal No. 1 that his plea must be vacated because it was not knowingly, intelligently and voluntarily entered. "A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (*People v Ford*, 86 NY2d 397, 402-403 [1995]). Here, it was not made clear during the plea colloquy whether the sentences to be imposed were to run consecutively or concurrently, and that patent ambiguity is further evidenced by the parties' subsequent revisiting of that issue at sentencing, as well as by the fact that the court resentenced defendant twice, once after the original sentencing and again by the resentence in appeal No. 2. Although defendant failed to preserve his contention for our review (*see People v Moore*, 59 AD3d 983 [2009], *lv denied* 12 NY2d 857 [2009]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore reverse the judgment in appeal No. 1, vacate defendant's plea of guilty, and remit the matter to County Court for further proceedings on the indictment. In view of our determination in appeal No. 1, we need not address defendant's remaining contentions therein, and we dismiss as moot the appeal from the resentence in appeal No. 2. We note with respect to appeal No. 2, however, that we agree with defendant that the court erred in resentencing him in absentia (*see* CPL 380.40 [1]; 380.50 [1]; *People v Dennis* [appeal No. 2], 6 AD3d 1211 [2004]). Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.