People v Hector (2019 NY Slip Op 03504)





People v Hector


2019 NY Slip Op 03504


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


400 KA 16-01240

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GARFIELD HECTOR, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered June 17, 2016. The judgment convicted defendant, upon his plea of guilty, of offering a false instrument for filing in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, the plea is vacated, and the matter is remitted to Supreme Court, Onondaga County, for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of offering a false instrument for filing in the first degree (Penal Law former § 175.35). We agree with defendant that his plea was not knowingly, intelligently, and voluntarily entered (see generally People v Aloi, 78 AD3d 1546, 1547 [4th Dept 2010]). Although defendant failed to preserve that contention for our review because "his motion to withdraw his plea was made on grounds different from those advanced on appeal" (People v Gibson, 140 AD3d 1786, 1787 [4th Dept 2016], lv denied 28 NY3d 1072 [2016]), and this case does not fall within the "narrow exception" to the preservation rule (People v Lopez, 71 NY2d 662, 666 [1988]), we exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see Aloi, 78 AD3d at 1547).
"A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences" (People v Ford, 86 NY2d 397, 402-403 [1995]; see Aloi, 78 AD3d at 1547). After Supreme Court accepted defendant's guilty plea, defendant stated that he was confused by the plea proceeding, and the court asked him if he had any questions about the consequences of pleading guilty. Defendant then made a series of remarks from which it became apparent that he did not understand the nature of the crime to which he had entered his guilty plea. Although defendant was "obviously confused," the court made no further inquiry whether he understood the plea or its consequences (People v Sypnier, 300 AD2d 1061, 1061 [4th Dept 2002]). We therefore reverse the judgment, vacate the plea, and remit the matter to Supreme Court for further proceedings on the indictment (see Aloi, 78 AD3d at 1547; Sypnier, 300 AD2d at 1061).
In light of our determination, we do not consider defendant's remaining contentions.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court